

Douglas B. Moylan
**Attorney General of Guam**
**Office of the Attorney General**
Civil Division
134 W. Soledad Avenue, Suite 302
*Hagåtña*, Guam 96910 • USA
671-475-2710 (tel) • 671-477-2493 (fax)
www.guamattorneygeneral.org

**Attorneys for the People of Guam**

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF GUAM

IN RE: )                                Civil Case No _____
)
)
REQUEST OF LOURDES A. LEON )
GUERRERO, I MAGA 'HAGAN GUAHAN, )
RELATIVE TO ORGANIC ACT LIMITS ON )
LEGISLATIVE CONDITIONS AFFECTING )
THE GOVERNOR'S AUTHORITY TO )
ESTABLISH HOSPITALS )
)

## CONTENTS

I. INTRODUCTION ........................................................................................................6

A. ...........................................................................................................................6

B. ...........................................................................................................................8

II. JURISDICTIONAL BASIS .........................................................................................8

III. PROCEDURAL BACKGROUND ............................................................................10

IV. ARGUMENT .............................................................................................................11

V. CONCLUSION ..........................................................................................................19

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**PRAYER**..................................................................................................................21

**CERTIFICATE OF SERVICE** ..................................................................................22

**TABLE OF AUTHORITIES**

**Cases**

*A.B. Won Pat Guam Int'l Airport Auth. ex rel. Bd. of Dirs. V. Moylan* ...........................7

*Amancio v. DePerry*, 654 F. Supp. 3d 145 (D. Conn. 2023)..............................................9

*Attorney General of Guam v. Superior Court (Flores, Real Party)*, D.C.
Guam, Civ. Case #79-153 (1980) ...................................................................................8

*Bordallo v. Baldwin*, 624 F.2d 932, 934 (9th Cir. 1980) .................................................6

*Chase Manhattan Bank (National Association) v. South Acres
Development Co.*, 434 U.S. 236, 98 S. Ct. 544 (1978).................................................7

*Contra Sharma v. HSI Asset Loan Obligation Trust 2007-1 by Deutsche
Bank National Trust Company*, 23 F.4th 1167, 1173 (9th Cir. 2022) .........................15

*Enbridge Energy, L.P., et. al. v. Nessel*, ___ S. Ct. ___, 2025 WL 1787715
(June 30, 2025) ...........................................................................................................15

*Government of Guam; Douglas B. Moylan, Attorney General of Guam v. Lourdes A, Leon
Guerrero, Governor of Guam; and Guam Housing and Urban Authority*.............11, 12

*Grable & Sons Metal Products, Inc. v. Darue*, 545 U.S. 308, 312 (2005)........................9

*Guam Power Authority v. Attorney General of Guam* ...................................................12

*Guam v. Guerrero*, 290 F.3d 1210, 1216-1217 (9th Cir. 2002) ...............................19, 20

*Gutierrez v. Ada*, 528 U.S. 250, 120 S. Ct. 740 (2000) ..................................................7

*Haeuser v Dept. of Law*, 97 F.3d 1152, 1156 (9th Cir. 1996) .....................................6, 19

Page **2** of **23**
*Attorney General and Government of Guam's Notice of Removal*
District Court of Guam Case No.

Case 1:26-cv-00006     Document 1     Filed 03/12/26     Page 2 of 23

*In re Leon Guerrero*, 2024 WL 5264695 *6 (2024)..................................................................................7

*In Re: Request of Lourdes A. Leon Guerrero, Governor of Guam, Relative to Organic Act*

    *Limits on Legislative Conditions Affecting the Governor's Authority to Establish Hospitals,*

    Supreme Court of Guam Case No. CRQ-26001 ..................................................................6

*In Re: Request of Lourdes A. Leon Guerrero, Governor of Guam, Relative to the Authority of*

    *the Attorney General of Guam to Approve Autonomous Agency Contracts*, Supreme Court of

    Guam Case No. CRQ25-001 (Oct. 31, 2025).................................................................12, 13, 18

*LaRusso v. St. George's University School of Medicine*, 747 F.3d 90, 96 (2d Cir. 2014).............15

*Nessel v. Enbridge Energy, L.P., et. al.*, 104 F.4$^{th}$ 958 (6$^{th}$ Cir. 2024)...................................15

*People v. Camacho*, Sup. Ct. Guam, 1 Guam R. 501, 506 (1975) ...........................................8

*Territory of Guam v. Olsen*, 431 U.S. 195, 97 S. Ct. 1774 (1977).............................................7

**Statutes**

§ 1421(b)...............................................................................................................................19

§ 1441(a)...............................................................................................................................15

§ 1446 ............................................................................................................................11, 16

§ 4104 ...............................................................................................................11, 13, 14, 16

28 U.S.C. § 1331.......................................................................................................................6

28 U.S.C. § 1446(a) ...............................................................................................................11

28 U.S.C. § 2201.....................................................................................................................19

28 U.S.C. § 2202.....................................................................................................................19

28 U.S.C.A. § 1331.................................................................................................................9

28 U.S.C.A. § 1441.................................................................................................................15

28 U.S.C.A. § 1442.................................................................................................................9

Page 3 of 23
*Attorney General and Government of Guam's Notice of Removal*
District Court of Guam Case No.

Case 1:26-cv-00006    Document 1    Filed 03/12/26    Page 3 of 23

U.S.C. § 1442(a)(1) ...................................................................................10

48 § U.S.C. 1421g(d)(1) ...........................................................................20

48 U.S.C. § 1421 g (a) .............................................................................10

48 U.S.C. § 1421 g(a) ..........................................................................10, 18

48 U.S.C. § 1421(g)(a) ..............................................................................18

48 U.S.C. § 1421g(a) ...........................................................................17, 18

48 U.S.C. § 1421g(d)(1) ..................................................................... passim

48 U.S.C. § 1422...................................................................................19

48 U.S.C.A § 1421................................................................................6

48 U.S.C.A § 1421g(d)(1) ...........................................................................11

48 U.S.C.A. § 1421a................................................................8, 9, 19

48 U.S.C.A. § 1421g(a) .........................................................8, 10, 15

48 U.S.C.A. § 1421g(d)(1) ........................................................6, 7, 9

5 G.C.A. § 5150.............................................................................17, 18

5 G.C.A. § 22601 ...........................................................................17, 18

5 GCA § 30101 ........................................................................... passim

5 GCA § 30103 ..............................................................................6

5 GCA § 30109.................................................................6, 12, 13, 15

5 GCA § 5150.............................................................12, 13, 14, 15

7 GCA § 4104.................................................................................10

## ATTORNEY GENERAL OF GUAM AND GOVERNMENT OF GUAM'S

## NOTICE OF REMOVAL

TO:    THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF GUAM;

CHIEF JUSTICE KATHERINE A. MARAMAN
Supreme Court of Guam
*Hagåtña*, Guam
e-file@guamsupremecourt.com

SPEAKER FRANK F. BLAS, JR.
Legislature of Guam
*Hagåtña*, Guam
speakerblas@guamlegislature.gov

DARLENE HINTON, ESQ.
Legislature of Guam
*Hagåtña*, Guam
legislativecounsel@guamlegislature.gov

LESLIE A. TRAVIS
Attorneys for Governor
Hon. Lourdes A. Leon Guerrero
Governor of Guam
Office of the Governor of Guam
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
P.O. Box 2950
*Hagåtña*, Guam 96932
Office: (671) 473-1117
Fax: (671) 477-4826
leslie.travis@guam.gov

JEFFREY A. MOOTS
Attorneys for Governor
Hon. Lourdes A. Leon Guerrero
Governor of Guam
Office of the Governor of Guam
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
P.O. Box 2950
*Hagåtña*, Guam 96932
Office: (671) 473-1117
Fax: (671) 477-4826
jeffrey.moots@guam.gov

Page **5** of **23**
*Attorney General and Government of Guam's Notice of Removal*
District Court of Guam Case No.

Case 1:26-cv-00006     Document 1     Filed 03/12/26     Page 5 of 23

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, DOUGLAS B. MOYLAN, in his Official Capacity as the Attorney General of Guam ("**Attorney General**"), and the GOVERNMENT OF GUAM ("**Government**"), as the Real Party Defendants in Interest in *In Re: Request of Lourdes A. Leon Guerrero, Governor of Guam, Relative to Organic Act Limits on Legislative Conditions Affecting the Governor's Authority to Establish Hospitals*, Supreme Court of Guam Case No. CRQ-26001 filed by the Governor of Guam ("**Governor**"), hereby remove the entire above-styled case to the United States District Court for the District of Guam on the following grounds:

# I.   INTRODUCTION

## A.

The Governor's requested relief infringes on the powers and duties granted the Office of the Attorney General by the Organic Act of Guam, 48 U.S.C.A § 1421 *et. seq.* The Organic Act of Guam, 48 U.S.C.A § 1421 *et. seq,* operates as Guam's constitution. *See Haeuser v Dept. of Law*, 97 F.3d 1152, 1156 (9th Cir. 1996); *Bordallo v. Baldwin*, 624 F.2d 932, 934 (9th Cir. 1980). In 1998 the U.S. Congress amended the Organic Act to establish the Office of the Attorney General as a "constitutional" office. 48 U.S.C.A. § 1421g(d)(1).

Real Party Defendant in Interest, Douglas B. Moylan, is the current democratically-elected Attorney General of Guam, designated by the United States Congress as the "Chief Legal Officer of the Government of Guam." 48 U.S.C.A. § 1421g(d)(1). Acting on this enabling provision, the Guam Legislature enacted 5 GCA § 30101, which makes this position an elective office, and 5 GCA § 30109, which enumerates the Attorney General's powers and duties. In addition to common law powers under 5 GCA § 30103, § 30109(f) mandates that he "be diligent in protecting the rights and properties of the government of Guam." [emphasis

Page **6** of **23**
*Attorney General and Government of Guam's Notice of Removal*
District Court of Guam Case No.

Case 1:26-cv-00006   Document 1   Filed 03/12/26   Page 6 of 23

supplied by counsel]. *Id.*

Since the establishment of civil government in the Territory of Guam in 1950, the United States Supreme Court has consistently held that the local Legislature or courts cannot define an Office created by the Organic Act. *See Territory of Guam v. Olsen*, 431 U.S. 195, 97 S. Ct. 1774 (1977) (clear signal from Congress required to interpret Organic Act); *Chase Manhattan Bank (National Association) v. South Acres Development Co.*, 434 U.S. 236, 98 S. Ct. 544 (1978) (absent an explicit grant of power in the Organic Act local government cannot infer such a grant of power); *Gutierrez v. Ada*, 528 U.S. 250, 120 S.Ct. 740 (2000) (courts must resist giving "unintended breadth to the Acts of Congress" when construing terms in Congressional Acts subject to many meanings).

In *A.B. Won Pat Guam Int'l Airport Auth. ex rel. Bd. of Dirs. V. Moylan*, the Supreme Court of Guam impliedly defined the constitutional office of the Attorney General by holding that its powers and duties "may be subject to increase, alteration or abridgement by the Guam Legislature." *Id. Moylan*, 2005 Guam 5 ¶ 2. In 2024 it applied this judicially-created definition to further abridge the scope of the Attorney General's powers and duties granted his constitutional office by 48 U.S.C.A. § 1421g(d)(1). *See In re Leon Guerrero*, 2024 WL 5264695 *6 (2024) ("The Organic Act does not define 'Chief Legal Officer," so we look to other sources to determine the Attorney General's duties in that role. As Chief Legal Officer, the Attorney General 'is charged with all the powers and duties pertaining to the office at common law, except insofar as they have been expressly restricted or modified by statute.' *Moylan*, 2005 Guam 5 ¶ 67.").

The Governor's requested relief seeks to diminish and abridge the Attorney General's constitutional authority, which served to enable the passage of Guam statutes requiring his

Page 7 of 23
*Attorney General and Government of Guam's Notice of Removal*
District Court of Guam Case No.

Case 1:26-cv-00006 Document 1 Filed 03/12/26 Page 7 of 23

review and approval of contracts[1], by having the Supreme Court of Guam declare that her power to establish hospitals shall predominate over his role as a check and balance on the Governor's exercise of that authority. Although the Governor did not serve the Attorney General with the underlying Declaration Judgment Petition and the Supreme Court of Guam did not designate the Office of the Attorney General as a Respondent, the Attorney General's sworn fealty oath to the Organic Act, the laws of Guam and to the People of Guam compels him to challenge the unconstitutional relief sought by the Governor and preserve the sacrosanct structure of government. *See*, Argument, *infra*.

## B.

The Governor's requested relief also violates the Separation of Powers Doctrine by seeking a binding declaration that her gubernatorial power to establish hospitals found in 48 U.S.C.A. § 1421g(a) shall predominate over lawful legislative enactments and judicial pronouncements concerning that authority. *See* 48 U.S.C.A. § 1421a ("The government of Guam shall consist of three branches, executive, legislative, and judicial…"); *People v. Camacho*, Sup. Ct. Guam, 1 Guam R. 501, 506 (1975) (stricter construction analysis required when considering § 1421a because the Organic Act specifically sets up the three branches of Government); *Accord Attorney General of Guam v. Superior Court (Flores, Real Party)*, D.C. Guam, Civ. Case #79-153 (1980). Again, the Attorney General's role as the "Chief Legal Officer of the Government of Guam" compels him to protect the orderly structure of government set forth in the Organic Act.

## II. JURISDICTIONAL BASIS

1. This action is removable to the District Court of Guam under 28 U.S.C.A. §§ 1331

---

[1] 5 GCA § 5150 (Attorney General power to approve autonomous agency procurement contracts exceeding

Page **8** of **23**
*Attorney General and Government of Guam's Notice of Removal*
District Court of Guam Case No.

and 1441 on the grounds that the Governor's request to the Supreme Court of Guam "turns on substantial questions of federal law" and "implicate significant federal issues"[2] directly arising from 48 U.S.C.A. §§ 1421g(d)(1) ("The Attorney General of Guam shall be the Chief Legal Officer of the Government of Guam") and 48 U.S.C.A. § 1421a ("The government of Guam shall consist of three branches, executive, legislative, and judicial...") *See Grable & Sons Metal Products, Inc. v. Darue*, 545 U.S. 308, 312 (2005) and

2. Alternatively, this action is also removable under 28 U.S.C.A. § 1442 because the United States Congress created the constitutional office of the Attorney General of Guam. Therefore, it is a federal instrumentality that should be construed as an agency or officer for purposes of removal and/or a person acting under a United States agency or officer, in this case the United States Congress and the United States Department of the Interior. The Attorney General of Guam acts under color of that office according to the Organic Act of Guam, namely as "the Chief Legal Officer of the Government of Guam." 48 U.S.C. § 1421g(d)(1). The Governor's requested relief seeks to circumvent the Attorney General's constitutional role as the Chief Legal Officer of the Government of Guam. *See Amancio v. DePerry*, 654 F. Supp. 3d 145 (D. Conn. 2023). The Governor seeks to delimit the Attorney General's powers and duties on account of his right, title or authority claimed under

---

$500,000).

[2] The Governor acknowledges that the relief requested implicates the Organic Act when she states: "Resolution of this issue will determine whether a generally applicable Guam statute may be interpreted or applied so as to function as a veto over the Governor's enumerated Organic Act authority. The determination will define the Organic Act authority. That determination will define the Organic Act relationship between legislative enactments and specific executive powers granted by Congress. The outcome will have consequences beyond this project and will guide future interactions between the branches whenever the Governor exercises powers expressly conferred by the Organic Act." Dec. Action at 8 [emphasis supplied by counsel].

*Attorney General and Government of Guam's Notice of Removal*
District Court of Guam Case No.

an Act of Congress. *See* 28 U.S.C. § 1442(a)(1).

## III. PROCEDURAL BACKGROUND

3. On March 4, 2026 the Governor filed a Request for Declaratory Judgment pursuant to 7 GCA § 4104 seeking a binding judgment "regarding the constitutional scope of the Governor's authority under 48 U.S.C.A. § 1421g(a) and the limits, if any, the Legislature may impose upon the execution of that authority through generally applicable Guam statutes." Dec. Judgment at 2.

4. Specifically, she has requested that the Supreme Court of Guam grant the following relief:

Expedite the briefing and hearing schedule in this matter;

Declare that 48 U.S.C. § 1421g(a) confers upon the Governor enumerated authority to establish, maintain, and operate public-health services in Guam, including hospitals;

Declare that generally applicable Guam statutes may not be construed or applied in a manner that conditions, prevents, or effectively transfers ultimate authority over the establishment of a hospital from the Governor, consistent with the Organic Act;

Declare that disputes concerning the legality of executive action undertaken pursuant to 48 U.S.C. § 1421 g (a) are resolved through judicial review and may not be conclusively determined through unilateral application of statutory approval mechanisms;

Grant such other and further relief as the Court deems just and proper.

Dec. Judgment at 23.

5. On the same date, the Governor filed an Emergency Motion for Expedited Briefing and Argument Schedule; Memorandum of Points and Authorities.

6. On the same date, the Governor filed an Affidavit in Support of Emergency Motion for Expedited Briefing and Argument Schedule; Memorandum of Points and

Authorities.

7. On March 5, 2026 Chief Justice Katherine A. Maraman, Supreme Court of Guam, issued an Order designating the "Legislature as a Respondent," and setting a briefing schedule. Order (March 5, 2026) at 2.

8. On this same date, in a separate Order, the Chief Justice set a briefing schedule on the emergency motion. Order (March 5, 2026).

9. On this same date, the Governor served both Orders on Speaker Frank F. Blas, Jr., Legislature of Guam, and Darlene Hilton, Esquire. Declaration of Service at 1.

10. On information and belief, the Office of the Attorney General was never served with any of the above filings.

11. Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit A are the copies of all process, pleadings and orders in this action.

## IV. ARGUMENT

### A.

The Governor Attempts to Forum Shop Issues Pending in Other Cases Pending in the District Court of Guam Relating to His Authority Under 48 U.S.C.A § 1421g(d)(1) and Guam Statutes Promulgated Thereunder.

The Governor's § 4104 declaratory judgment action attempts to forum shop issues currently pending before this Court in *Government of Guam; Douglas B. Moylan, Attorney General of Guam v. Lourdes A, Leon Guerrero, Governor of Guam; and Guam Housing and Urban Authority*, D. Guam Case No. 1:24-cv-00029 (Dec. 20, 2024), *Guam Power Authority v. Attorney General of Guam*, D. Guam Case No. 1:25-cv-00029 (June 17, 2025), and *In Re: Request of Lourdes A. Leon Guerrero, Governor of Guam, Relative to the Authority of the*

*Attorney General and Government of Guam's Notice of Removal*
District Court of Guam Case No.

*Attorney General of Guam to Approve Autonomous Agency Contracts*, Supreme Court of Guam Case No. CRQ25-001, D. Guam Case No. 1:25-cv-00041 (Oct. 30, 2025). These three actions seek to limit or restrict powers and duties granted the elected Attorney General by 48 U.S.C. § 1421g(d)(1) (Organic Act of Guam) and Guam statutes promulgated thereunder to wit: 5 GCA § 30101 (establishing elective Attorney General), 5 GCA § 30109 (powers and duties of the Attorney General) and 5 GCA § 5150.

In *Government of Guam; Douglas B. Moylan, Attorney General of Guam v. Lourdes A, Leon Guerrero, Governor of Guam; and Guam Housing and Urban Authority*, D. Guam Case No. 1:24-cv-00029 (Dec. 20, 2024), Plaintiffs Government of Guam and Douglas B. Moylan, Attorney General of Guam, filed a multi-count declaratory action, seeking to prohibit Defendants Lourdes A. Leon Guerrero, Governor of Guam, the Guam Housing and Urban Renewal Authority, and **"all state officials under her control** ... from transferring, encumbering, committing, expending or appropriating any additional funds out of the state American Recovery Plan Act account in the state treasury, the State and Local Fiscal Recovery Fund account in the state treasury ("**ARPA/SLFRF** account" or "SLFRF account"), or any other account which holds ARPA or SLFRF funds (or funds 11 borrowed or originated from such funds) for the purposes of obtaining any land or other property via purchase or condemnation absent express legislative authorization and appropriation." (emphasis supplied by counsel). *Id.* [ECF No. 1, ¶ 16]. This action relates directly to the Mangilao Medical Center ("**MMC**").

In *Guam Power Authority v. Attorney General of Guam*, D. Guam Case No. 1:25-cv-00029 (June 17, 2025), Petitioner Guam Power Authority ("**GPA**") filed an alternative writ of mandate to compel the Attorney General to appoint ostensibly conflict-free counsel to review

Page **12** of **23**
*Attorney General and Government of Guam's Notice of Removal*
District Court of Guam Case No.

Case 1:26-cv-00006   Document 1   Filed 03/12/26   Page 12 of 23

certain GPA procurements for the MMC project.

In *In Re: Request of Lourdes A. Leon Guerrero, Governor of Guam, Relative to the Authority of the Attorney General of Guam to Approve Autonomous Agency Contracts,* Supreme Court of Guam Case No. CRQ25-001 D. Guam Case No. 1:25-cv-00041 (Oct. 30, 2025). In this case, the Governor's § 4104 declaratory judgment action seeks to inorganically limit the powers and duties granted the elected Attorney General of Guam by 48 U.S.C. § 1421g(d)(1) and Guam statutes promulgated thereunder to wit: 5 GCA § 30101, 5 GCA § 30109, and 5 GCA § 5150 (Attorney General power to approve autonomous agency procurement contracts exceeding $500,000). Chapter 5 GCA § 5150 expressly empowers the Attorney General to approve agency procurement contracts exceeding $500,000: "The Attorney General, or his designee, including one (1) *or* more Special Assistant Attorneys General *shall,* in addition, when he approves contracts, determine not only the correctness of their form, but their legality." *Id*. (emphasis included in original).

Instead of simply addressing the irregularities identified by the Attorney General in Case No. 1:24-cv-00029 regarding the obligating and expenditure of ARPA/SLRFF funds in furtherance of the MMC project, GPA filed an action in the Superior Court of Guam (above-referenced action removed to this Court) and the Governor introduced two bills seeking to wrest the Attorney General's plenary power and duty to review under 5 GCA § 5150. These maneuvers directly implicate the democratically-elected Attorney General's Organic Act designation as the "Chief Legal Officer" for Guam, a U.S. Congressional grant under which the Guam Legislature promulgated 5 GCA § 5150.

On August 29, 2025 the Governor called a Special Session to exempt contracts related to the MMC project from the Attorney General's scrutiny:

Page 13 of 23
*Attorney General and Government of Guam's Notice of Removal*
District Court of Guam Case No.

Case 1:26-cv-00006    Document 1    Filed 03/12/26    Page 13 of 23

> Section 2. Exemption from 5 GCA § 5150. Notwithstanding any other provision of law, the provisions of Section 5150, Title 5, Guam Code Annotated 21 shall not apply to contracts by and between the Guam Power Authority or the Guam 22 Waterworks Authority and contractors for the design and installation of power, 23 water, and wastewater infrastructure on properties in Mangilao acquired by GHURA 24 for the new medical facility. Section 5150 shall also not apply to contracts by and 25 between the Guam Economic Development Authority and any entity for 26 environmental assessments of properties in Mangilao acquired by GHURA for the 27 new medical facility.

*See* Bill No. 2 (1-S), 38th Guam Legislature, "An Act to Authorize the Installation of Utilities Infrastructure in Mangilao Utilizing American Rescue Plan Act of 2021 Funds," (2025) https://guamlegislature.gov/38th_Guam_Legislature/Bills_Introduced_38th/Bill%20No.%202%20(1-S).pdf (accessed December 16, 2025).

On November 24, 2025, the Governor called another Special Session, subsequently canceled, on the same topic:

> Section 2. Exemption from 5 GCA § 5150. Notwithstanding any other provision of law, the provisions of Section 5150, Title 5, Guam Code Annotated shall not apply to contracts by and between the Guam Power Authority or the Guam Waterworks Authority and contractors for the design and installation of power, water, and wastewater infrastructure on properties on Lot 5280-3 in Mangilao acquired by GHURA for the new medical facility. Section 5150 shall also not apply to contracts by and between the Guam Economic Development Authority and any entity for environmental assessments of properties on Lot 5280-3 in Mangilao 27 acquired by GHURA for the new medical facility.

*See* Bill No. 2 (5-S), 38th Guam Legislature, "An Act to Authorize the Installation of Utilities Infrastructure on Lot 5280-3 in Mangilao Utilizing American Rescue Plan Act of 2021 Funds," (2025).

In the instant case, the Governor's § 4104 declaratory judgment action seeks to inorganically limit the powers and duties granted the elected Attorney General of Guam by 48 U.S.C. § 1421g(d)(1) and Guam statutes promulgated thereunder to wit: 5 GCA § 30101, 5

Page 14 of 23
*Attorney General and Government of Guam's Notice of Removal*
District Court of Guam Case No.

Case 1:26-cv-00006   Document 1   Filed 03/12/26   Page 14 of 23

GCA § 30109, and 5 GCA § 5150 (Attorney General power to approve autonomous agency procurement contracts exceeding $500,000). In addition, the Governor's requested relief also violates the separation of powers doctrine by seeking a binding declaration that her gubernatorial power to establish hospitals found in 48 U.S.C.A. § 1421g(a) shall predominate over lawful legislative enactments and judicial pronouncements concerning that authority.

**B.**

Inter-Circuit Split on Issue of Whether a Real Party Defendant in Interest May Remove a Civil Action to Federal Court Suggests Court Should Accept Jurisdiction Pending Resolution of *Nessel v. Enbridge Energy, L.P., et. al.,* 104 F.4th 958 (6th Cir. 2024), *cert granted, Enbridge Energy, L.P., et. al. v. Nessel,* __ S. Ct. __, 2025 WL 1787715 (June 30, 2025).

An inter-circuit conflict[3] exists regarding whether 28 U.S.C.A. § 1441 empowers district courts authority to permit a "real party defendant in interest" to remove a civil action. See *LaRusso v. St. George's University School of Medicine,* 747 F.3d 90, 96 (2d Cir. 2014) (holding that a "real party defendant in interest" may remove under § 1441(a)); *Contra Sharma v. HSI Asset Loan Obligation Trust 2007-1 by Deutsche Bank National Trust Company,* 23 F.4th 1167, 1173 (9th Cir. 2022) (holding only actually named "defendant or defendants" can remove under § 1441(a)). That conflict suggests that this Court should accept jurisdiction until such time as the United States Supreme Court issues an opinion in *Nessel v. Enbridge Energy, L.P., et. al.,* 104 F.4th 958 (6th Cir. 2024), *cert granted, Enbridge Energy, L.P., et. al. v. Nessel,* __ S. Ct. __, 2025 WL 1787715 (June 30, 2025) (oral argument held on February 24, 2026).

Section 1441(a) allows "the defendant or the defendants" to remove a state or territorial action to a district court. In the instant action, the Governor's § 4104 declaratory judgment

---

[3] Ninth Circuit Rule 35-1 states that an "inter-circuit split" occurs when "the opinion of the panel directly conflicts with an existing opinion by another court of appeals and substantially affects a rule of national application in which there is an overriding need for national uniformity." CTA9 35-1

Page **15** of **23**
*Attorney General and Government of Guam's Notice of Removal*
District Court of Guam Case No.

Case 1:26-cv-00006   Document 1   Filed 03/12/26   Page 15 of 23

does not identify a defendant. However, Chief Justice Maraman's Orders designated the "Legislature as a Respondent." Order (March 5, 2026) at 2 [emphasis supplied by counsel to indicate ambiguity in phrasing in order suggesting possibility of other respondents]. Section 1446(b)(1), which governs the procedure to remove a civil action, states that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

In *Nessel*, the United States Supreme Court is considering whether the 30-day deadline to file a notice of removal found in § 1446 is a procedural requirement that may be excused by a district court. In *Sharma*, the Ninth Circuit found that the *LaRusso* rule could potentially confuse an unnamed defendant who would be unable to assess when the 30-day deadline to file a notice of removal would start since the defendant would not necessarily be served with a summons or furnished a copy of the civil action. The Ninth Circuit's concerns intersect with *Nessel* to the extent the Supreme Court will have to address how the 30-day deadline must be applied under the removal statutes.

Accordingly, this Court should take jurisdiction over this action pending resolution of *Nessel*.

**C.**

The Governor's Vague and Overbroad Requests for Relief Invite a Binding Declaration on the Attorney General of Guam and the Government of Guam, Both Unnamed and Unserved with the Declaratory Judgment Action, and Otherwise Undesignated by the Supreme Court of Guam as Respondents, Which Would Alter the Structure of Government Set Forth in the Organic Act

The Declaratory Judgment action contains representations that it does not seek to challenge the "Attorney General's good-faith execution of duties as defined by statute…" Dec. Action at 18 n. 3. However, the artfully vague phrasing of the requested relief, particularly the third and fourth ones suggest the Governor seeks to muzzle the Attorney General's role as a check-and-balance auditor of all actions involving the MMC project. As drafted, the third request seeks a declaration that "generally applicable Guam statutes may not be construed or applied in a manner that conditions, prevents, or effectively transfers ultimate authority over the establishment of a hospital from the Governor, consistent with the Organic Act." Dec. Action at 23-24. [emphasis supplied by counsel]. The description of the applicable statutes is so broad as to swallow the entire code. Also, as drafted, the fourth request seeks a declaration that "disputes concerning the legality of executive action undertaken pursuant to 48 U.S.C. § 1421g(a) are resolved through judicial review and may not be conclusively determined through unilateral application of statutory approval mechanisms." Dec. Action at 24 [emphasis supplied by counsel]. Here, again, the Governor seeks to stymie the Attorney General's role in reviewing and approving contracts relating to the MMC venture.

The Governor's real aim is to have the Supreme Court of Guam rewrite the Organic Act to restrict the Attorney General's role as the "Chief Legal Office of the Government of Guam," and derivatively in eliminate his role reviewing and approving contracts under 5 G.C.A. §§ 5150 and 22601. One can infer that with the Attorney General's role diminished or eliminated altogether, the MMC project would proceed afoot. The basis of her request is that 48 U.S.C. §

Page **17** of **23**
*Attorney General and Government of Guam's Notice of Removal*
District Court of Guam Case No.

Case 1:26-cv-00006    Document 1    Filed 03/12/26    Page 17 of 23

1421 g(a) confers upon the Governor enumerated authority "to establish, maintain, and operate public-health services in Guam, including hospitals." *Id.* The Governor correctly cites the provision. However, § 1422 requires her to exercise her power within the structure of government and in observance of the laws of Guam and other provisions of the Organic Act. It reads, in pertinent part: "[She] shall have the power to issue executive orders and regulations not in conflict with any applicable law. [She] may recommend bills to the Legislature and give expression to [her] views on any matter before that body." *Id.* The Governor's words that it does not challenge the Attorney General "good-faith execution of his [statutory] duties" do not match her proposed actions as described in the request for relief or in other pending cases in this District.

For example, in *In Re: Request of Lourdes A. Leon Guerrero, Governor of Guam, Relative to the Authority of the Attorney General of Guam to Approve Autonomous Agency Contracts,* Supreme Court of Guam Case No. CRQ25-001, D. Guam Case No. 1:25-cv-00041 (Oct. 30. 2025), the Governor framed that action as seeking an interpretation of 5 GCA §§ 5150 and 22601 to clarify the scope of the Attorney General's role in approving contracts entered into by autonomous agencies. The Attorney General removed this action to this Court. In the instant case the Governor seeks to reach that same question through the rubric of 48 U.S.C. § 1421g(a). Dec. Action at 9 ("Executive agencies and instrumentalities tasked with infrastructure planning and contracting are presently confronted with competing interpretations of Guam law regarding whether statutory approval mechanisms may condition execution of the Governor's enumerated authority under 48 U.S.C. § 1421(g)(a). Without authoritative clarification, those entities are placed in the position of navigating conflicting legal constructions while attempting to discharge their own statutory duties.").

Page **18** of **23**
*Attorney General and Government of Guam's Notice of Removal*
District Court of Guam Case No.

Case 1:26-cv-00006    Document 1    Filed 03/12/26    Page 18 of 23

Accordingly, this Court should take jurisdiction over this case.

## V. CONCLUSION

The Governor's request for a declaration directly implicates the Attorney General's role as the Chief Legal Officer of the Government of Guam under 48 U.S.C. § 1421g(d)(1), the Governor's role under 48 U.S.C. § 1422, and the Government of Guam's interest in protecting the Separation of Powers Doctrine as structured in 48 U.S.C.A. § 1421a.

This Court is properly vested in original jurisdiction: (1) the action below is a Declaratory Action which could have been filed in this Court and therefore the Notice of Removal invokes this Court's original jurisdiction, *see* 28 U.S.C. §§ 2201 and 2202, and FRCP 81 (federal declaratory judgment statutes and rule); and (2) the remedy sought by the Governor directly implicates Federal Question jurisdiction as it calls for the interpretation of the 1950 Organic Act of Guam (Title 48 USC Chapter 8A), a federal congressional act that serves as Guam's constitution. *See Guam v. Guerrero*, 290 F.3d 1210, 1216-1217 (9th Cir. 2002) ("While § 1421(b) might function as a constitution *Haeuser v. Dep't of Law*, 97 F.3d 1152, 1156 (9th Cir. 1996) ('The Organic Act serves the function of a constitution for Guam.'), it remains quite unlike a constitution of a sovereign State. Guam is a federal instrumentality, enjoying only those rights conferred to it by Congress, and its 'Bill of Rights' is a federal statute. Not even a sovereign State may interpret a federal statute or constitutional provision in a way contrary to the interpretation given it by the U.S. Supreme Court."). Accordingly, Federal Question jurisdiction is properly vested in this Court.

Alternatively, the Court is properly vested in federal officer jurisdiction because the Attorney General's Office is an instrumentality of the federal government. The Attorney General's Office is itself a creation of the 1950 Organic Act of Guam (Title 48 USC Chapter

*Attorney General and Government of Guam's Notice of Removal*
District Court of Guam Case No.

8A). *See* 48 § U.S.C. 1421g(d)(1) ("The Attorney General of Guam shall be the Chief Legal Office of the Government of Guam."). This provision when read in *pari materia* with *Guam v. Guerrero*, 290 F.3d 1210, 1216-1217 (9th Cir. 2002), can lead to no other conclusion but that the Attorney General's Office just like the Office of the Governor of Guam are federal instrumentalities. This provision allows for the election of the Attorney General which the Guam Legislature codified, thus enfranchising the voters of Guam. *See* 5 GCA § 30101 (establishment of the elected Office of the Attorney General).

The Attorney General of Guam challenges the requested relief on the grounds that it unconstitutionally infringes on his powers and duties under the Organic Act and those Guam statutes promulgated thereunder. In addition, he seeks to vindicate the constitutional rights of the People of Guam and protect the structure of the Government of Guam specifically delineated in the Organic Act.

Upon receipt of this Notice of Removal, no further action shall be taken in the Supreme Court of Guam.

A copy of this Notice of Removal is being filed with the Clerk of the Supreme Court of Guam, and another copy is being served upon the Governor through its counsel of record, and the Legislature, in accordance with law.

Page **20** of **23**
*Attorney General and Government of Guam's Notice of Removal*
District Court of Guam Case No.

Case 1:26-cv-00006   Document 1   Filed 03/12/26   Page 20 of 23

# PRAYER

**WHEREFORE,** the Attorney General of Guam and the Government of Guam respectfully request that the above-described civil action pending before the Supreme Court of Guam be removed to the United States District Court for the District of Guam, and that this Court assume full jurisdiction over the matter as provided by law.

**Respectfully submitted** this 12th day of March, 2026.

OFFICE OF THE ATTORNEY GENERAL
Douglas B. Moylan, Attorney General of Guam

GONZALO ALBERTO GAYOSO
Deputy Attorney General

Page **21** of **23**
*Attorney General and Government of Guam's Notice of Removal*
District Court of Guam Case No.

Case 1:26-cv-00006    Document 1    Filed 03/12/26    Page 21 of 23

# CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

CHIEF JUSTICE KATHERINE A. MARAMAN
Supreme Court of Guam
*Hagåtña*, Guam
e-file@guamsupremecourt.com

SPEAKER FRANK F. BLAS, JR.
Legislature of Guam
*Hagåtña*, Guam
speakerblas@guamlegislature.gov

DARLENE HINTON, ESQ.
Legislature of Guam
*Hagåtña*, Guam
legislativecounsel@guamlegislature.gov

LESLIE A. TRAVIS
Attorneys for Governor
Hon. Lourdes A. Leon Guerrero
Governor of Guam
Office of the Governor of Guam
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910, P.O. Box 2950
*Hagåtña*, Guam 96932, Office: (671) 473-1117
Fax: (671) 477-4826, leslie.travis@guam.gov

JEFFREY A. MOOTS
Attorneys for Governor
Hon. Lourdes A. Leon Guerrero
Governor of Guam
Office of the Governor of Guam
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910, P.O. Box 2950
*Hagåtña*, Guam 96932, Office: (671) 473-1117
Fax: (671) 477-4826, jeffrey.moots@guam.gov

Page **22** of **23**
*Attorney General and Government of Guam's Notice of Removal*
District Court of Guam Case No.

Case 1:26-cv-00006     Document 1     Filed 03/12/26     Page 22 of 23

**Respectfully submitted** this 12th day of March, 2026.

<div align="right">

**OFFICE OF THE ATTORNEY GENERAL**
**Douglas B. Moylan, Attorney General of Guam**


**GONZALO ALBERTO GAYOSO**
Deputy Attorney General

</div>

Page **23** of **23**
*Attorney General and Government of Guam's Notice of Removal*
District Court of Guam Case No.

Case 1:26-cv-00006    Document 1    Filed 03/12/26    Page 23 of 23