# EXHIBIT A

# Docket Sheet

In Re: Lourdes A. Leon Guerrero - Court Number - CRQ26-001

| | | |
|---|---|---|
| Case Type: Certified Question | Case No.: CRQ26-001 | Agency: Supreme Court of Guam |
| Case Status: Active | | Status Date: 03/04/2026 |

## Case Parties/Assignments

| | |
|---|---|
| Petitioner | Lourdes A. Leon Guerrero |
| Justice | F. Philip Carbullido |
| Presiding Justice | Katherine A. Maraman |
| Justice | Robert J. Torres |
| Attorney | Jeffrey A. Moots |
| Attorney | Leslie A. Travis |

| Date | Status | Doc. Sequence | Document Name |
|---|---|---|---|
| 03/06/2026 | Filed | | Declaration of Service |
| 03/06/2026 | Filed | | Service Route Slip |
| 03/05/2026 | Filed | | Order (2) |
| 03/05/2026 | Filed | | Order |
| 03/05/2026 | Filed | | Affidavit in Support of Emergency Motion for Expedited Briefing Schedule and Argument Schedule |
| 03/05/2026 | Filed | | Emergency Motion for Expedited Briefing and Argument Schedule; Memorandum of Points and Authorities |
| 03/04/2026 | Filed | | Request for Declaratory Judgment (7 G.C.A. 4104); Verification |

**COPY**

**FILED**

MAR 0 4 2026

SUPREME COURT OF GUAM
BY· YUT̄____ Time: 10:49am

LESLIE A. TRAVIS, Legal Counsel
*leslie.travis@guam.gov*
JEFFREY A. MOOTS, Legal Counsel
*jeffrey.moots.a.guam.gov*
**OFFICE OF THE GOVERNOR OF GUAM**
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
P.O. Box 2950, Hagatña, Guam 96932
Office: (671) 473-1118 | Fax: (671) 477-4826

*Attorneys for the*
*Honorable Lourdes A. Leon Guerrero*
*Governor of Guam*

## IN THE SUPREME COURT OF GUAM

| | |
|---|---|
| IN RE:<br><br>REQUEST OF LOURDES A. LEON GUERRERO, I MAGA'HÅGAN GUÅHAN, RELATIVE TO ORGANIC ACT LIMITS ON LEGISLATIVE CONDITIONS AFFECTING THE GOVERNOR'S AUTHORITY TO ESTABLISH HOSPITALS | SUPREME COURT CASE NO.<br>**CRQ 26001**<br><br>**REQUEST FOR DECLARATORY JUDGMENT (7 G.C.A. § 4104); VERIFICATION** |

Petitioner Lourdes A. Leon Guerrero, *I Maga'hagan Guåhan*, Governor of

Guam, by and through counsel and pursuant to 7 G.C.A. § 4104, Rules 26 and 27 of

the Guam Rules of Appellate Procedure, and the Organic Act of Guam, respectfully

requests that the Court issue a declaratory judgment regarding the constitutional scope of the Governor's authority under 48 U.S.C. § 1421g(a) and the limits, if any, the Legislature may impose upon the execution of that authority through generally applicable Guam statutes.

## I. INTRODUCTION

This request seeks a declaratory judgment under 7 GCA § 4104 concerning the constitutional scope of the Governor's authority under 48 U.S.C. § 1421g(a) to establish a public hospital of Guam, and the extent to which general laws enacted by the Guam Legislature may be construed in a manner that conditions or prevents the Governor from exercising such authority.

Section 1421g(a) of the Organic Act expressly provides that "[s]ubject to the laws of Guam, the Governor *shall* establish, maintain, and operate public-health services in Guam, including hospitals, dispensaries, and quarantine stations." 48 U.S.C. § 1421g(a) (emphasis added). This is a specific, enumerated power granted directly to the Governor by the Organic Act. The question presented herein is whether the Legislature may enact or apply statutes in a manner that effectively vests final execution authority over the establishment of a hospital in another officer or entity, thereby preventing the Governor from carrying out her Organic Act duty.

The issue presented is not whether the Legislature retains general legislative authority over procurement, contracts, appropriations, or land use. Nor does this

Petition contend that executive action is exempt from compliance with generally applicable law. Rather, the question is whether statutes of general application may be interpreted or applied in a manner that reallocates or conditions final execution authority over hospital establishment in a way inconsistent with the Governor's specific authority under 48 U.S.C. § 1421g(a).

This Court has recognized that where the Organic Act confers a specific power upon one branch, that specific grant controls over a general grant of authority elsewhere in the Act. *See, e.g., In re Request of Leon Guerrero*, 2021 Guam 6; *Camacho v. Estate of Gumataotao*, 2010 Guam 1 ¶ 19. A general legislative power cannot be read to nullify a specific executive power conferred by Congress. The interaction between § 1421g(a) and Guam statutory law must therefore be interpreted in a manner that preserves the Governor's ability to execute her enumerated duty.

The dispute is not hypothetical. Governor Leon Guerrero has undertaken steps to establish new hospital infrastructure in the village of Mangilao using lawfully received federal funds, including funds subgranted for utility and infrastructure work through executive agencies and instrumentalities acting pursuant to their respective statutory authorities in furtherance of the hospital project. The legality of attaching conditions to, and ultimately preventing, execution of that work through legislative

Case 1:26-cv-00006    Document 1-1    Filed 03/12/26    Page 5 of 42

enactments presents a constitutional question affecting the structure and operation of government.

This request seeks a declaratory judgment of a pure question of law affecting the powers and duties of the Executive Branch and the separation of powers established by the Organic Act.[1] The issue is one of great public importance. Resolution through ordinary litigation would cause undue delay while critical public-health infrastructure remains stalled and federal funding deadlines approach. Declaratory guidance from this Court is therefore appropriate to clarify the constitutional limits on legislative conditions affecting the Governor's authority to establish hospitals.

## II. STANDING

1. Petitioner Governor Lourdes A. Leon Guerrero brings this request for declaratory judgment pursuant to 7 GCA § 4104. As the duly elected Chief Executive of the Government of Guam, the Governor is expressly authorized under Section 4104 to seek declaratory guidance on questions affecting the powers and duties of the Executive Branch. The questions presented herein concern the scope of

---

[1] This Petition does not seek adjudication of the Governor's authority to expend American Rescue Plan Act ("ARPA") funds or to resolve any funding-related disputes currently pending in other proceedings. The sole question presented concerns the constitutional interaction between 48 U.S.C. § 1421g(a) and generally applicable Guam statutes.

Case 1:26-cv-00006    Document 1-1    Filed 03/12/26    Page 6 of 42

the Governor's enumerated authority under 48 U.S.C. § 1421g(a) and therefore directly implicate her constitutional duties and the lawful administration of government.

### III. JURISDICTION

2. This Court has original jurisdiction over requests from the Governor of Guam for declaratory judgment interpreting any federal or local law, including interpretation of the Organic Act of Guam and its interaction with Guam statutory law, and over questions affecting the powers and duties of the Governor and the operation of the Executive Branch. 7 G.C.A. § 4104; *See also* 48 U.S.C.A. § 1424-1(a).

3. Guam law authorizes the Governor to seek declaratory judgments directly from this Court on matters affecting the Executive Branch. Section 4104 provides:

> *I [Maga'hagan] Guåhan*, in writing…may request declaratory judgments from the Supreme Court of Guam as to the interpretation of any law, federal or local, lying within the jurisdiction of the courts of Guam to decide, and upon any question affecting the powers and duties of *I [Maga'håga]* and the operation of the Executive Branch…The declaratory judgments may be issued only where it is a matter of great public interest and the normal process of law would cause undue delay…The Supreme Court of Guam *shall*, pursuant to its rules and procedure, permit interested parties to be heard on the questions presented and *shall* render its written judgment thereon.

7 G.C.A. § 4104 (emphasis in original).

Case 1:26-cv-00006    Document 1-1    Filed 03/12/26    Page 7 of 42

4. This Court has held that the Governor must satisfy three requirements to invoke its declaratory judgment jurisdiction under 7 GCA § 4104: (1) the issues must be of great public importance; (2) resolution through the normal process of law would cause undue delay; (3) and the subject matter is appropriate for Section 4104 review. *In re Request of Governor Carl T.C. Gutierrez, Relative to the Organicity & Constitutionality of Pub. L. 26-35*, 2002 Guam 1 ¶ 9.

5. Where those requirements are satisfied, the Court has recognized a narrow exception to traditional Article III standing principles. *In re Request of Leon Guerrero, Relative to the Validity and Enforceability of Public Law No. 20-134*, 2023 Guam 11 ¶ 24. In such cases, Article III standing is not required so long as the request presents a purely legal issue in an adversary context that is capable of judicial resolution. *Id.* The present request concerns a purely legal question regarding the constitutional allocation of authority under the Organic Act and arises in an adversarial context in which executive action is being impeded through the asserted operation of Guam statutory law enacted pursuant to the Legislature's general lawmaking authority.

## IV. MATTER OF GREAT IMPORTANCE

6. A matter of great importance or public interest "signifies an importance of the issue to the body politic, the community, in the sense that the operations of the government may be substantially affected one way or the other by the issue's

Page 6 of 24

resolution … the issue presented must be significant in substance and relate to a presently existing governmental duty borne by the branch of government that requests the opinion." *In re Request of Governor Gutierrez for a Declaratory Judgment as to Organicity of Guam Pub. Law 22-42*, 1996 Guam 4 ¶ 4.

7. This Petition seeks declaratory judgment to determine whether the Legislature may enact or apply statutes in a manner that conditions, delays, or effectively prevents the Governor from carrying out her specific Organic Act duty under 48 U.S.C. § 1421g(a) to "establish, maintain, and operate" public-health services in Guam, including hospitals. This issue is a matter of great importance and public interest because it concerns the allocation of constitutional authority between the legislative and executive branches of government and directly affects the ability of the Executive Branch to develop critical public-health infrastructure for the people of Guam.

8. The issue concerns a presently existing governmental duty borne by the Executive Branch. The Governor is actively undertaking steps to establish hospital infrastructure pursuant to her Organic Act authority and concomitant duty to establish hospitals, including the allocation and use of lawfully received federal funds for necessary infrastructure work through executive agencies and instrumentalities acting pursuant to their respective statutory mandates. Whether statutory mechanisms may operate to condition or prevent execution of that authority

presents a concrete and ongoing dispute. The question is not abstract. It affects current governmental action and the timely development of essential public-health facilities.

9. Resolution of this issue will determine whether a generally applicable Guam statute may be interpreted or applied so as to function as a veto over the Governor's enumerated Organic Act authority. That determination will define the Organic Act relationship between legislative enactments and specific executive powers granted by Congress. The outcome will have consequences beyond this project and will guide future interactions between the branches whenever the Governor exercises powers expressly conferred by the Organic Act.

10. The establishment of hospital infrastructure directly implicates public health, emergency preparedness, and the well-being of our community. Delays or uncertainty in the execution of the Governor's authority affect the timely development of healthcare facilities and the effective use of federal funds lawfully received by the Government of Guam and subject to federally imposed expenditure deadlines. Prolonged uncertainty regarding the scope of the Governor's authority risks impairing the orderly deployment of those funds and the timely advancement of critical public-health infrastructure.

11. Executive agencies and instrumentalities tasked with infrastructure planning and contracting are presently confronted with competing interpretations of

Case 1:26-cv-00006   Document 1-1   Filed 03/12/26   Page 10 of 42

Guam law regarding whether statutory approval mechanisms may condition execution of the Governor's enumerated authority under 48 U.S.C. § 1421g(a). Without authoritative clarification, those entities are placed in the position of navigating conflicting legal constructions while attempting to discharge their own statutory duties.

12. Because the issue implicates the validity and permissible scope of legislative conditions as they apply to express Organic Act powers, affects core Executive Branch functions, and presents a concrete and ongoing constitutional dispute, its resolution is a matter of great public importance within the meaning of the Court's declaratory judgment jurisprudence.

## V. UNDUE DELAY IN NORMAL PROCESS OF LAW

13. The declaratory judgment mechanism under 7 GCA § 4104 exists precisely to prevent undue delay in resolving matters of substantial public importance. As the Court has explained, Section 4104 "was intended to provide a fast track for the initiation of cases before the Supreme Court of Guam so that rulings could be obtained on important issues of law without time consuming litigation in the inferior court." *In re Gutierrez*, 1996 Guam 4 ¶ 8.

14. In evaluating undue delay, the Court has explained that the inquiry "requires one to estimate, as a practical matter, the *relative* difference in speed for an issue depending on whether it travels the 'normal processes of law' route, or that

Case 1:26-cv-00006    Document 1-1    Filed 03/12/26    Page 11 of 42

provided by 7 G.C.A. § 4104," and further that the delay must be "undue, that is to say, excessive or inappropriate." *In re Request of Calvo Relative to Interpretation & Application of Organic Act Section 1423b & What Constitutes Affirmative Vote of Members of I Liheslaturan Guåhan*, 2017 Guam 14 ¶ 11. Both criteria are satisfied here.

15. The normal process of law would cause undue delay because the constitutional question presented directly affects ongoing executive action undertaken pursuant to 48 U.S.C. § 1421g(a). The Governor has initiated steps to establish hospital infrastructure using lawfully received federal funds, including the deployment of those funds for infrastructure work through executive agencies and instrumentalities acting pursuant to their respective statutory authorities in furtherance of the project. The legality of conditioning or preventing execution of that work through statutory mechanisms is presently in dispute.

16. If this issue were litigated through the ordinary process, it would first proceed in the trial court through pleadings, discovery, and motion practice, followed by appellate review. That process would likely take months or years. During that time, infrastructure work would remain stalled or subject to continued uncertainty, construction sequencing would be disrupted, and federal funding deadlines would approach or expire.

Case 1:26-cv-00006    Document 1-1    Filed 03/12/26    Page 12 of 42

17. Unlike an ordinary statutory dispute involving retrospective relief, the issue here concerns the forward-looking execution of an enumerated Organic Act duty. Delayed resolution risks practical consequences that cannot be undone by a later ruling. Infrastructure projects depend upon coordinated timelines, procurement sequencing, and compliance with federal expenditure deadlines. Relief granted after the fact cannot restore lost time, recover expired federal funds, or fully remedy delays in public-health infrastructure development.

18. The delay is not theoretical. The Governor is presently exercising her enumerated Organic Act authority to establish hospital infrastructure. At the same time, legislative enactments are being construed or applied in a manner that would condition or prevent execution of that authority. The Executive Branch cannot meaningfully discharge its constitutional duty while the interaction between the Organic Act and Guam statutory law remains unsettled and subject to competing interpretations.

19. Declaratory resolution now would avoid piecemeal litigation and repeated interbranch conflict each time executive action is undertaken pursuant to § 1421g(a). Absent clarification, disputes regarding contract approval, infrastructure work, and funding execution will recur throughout the life of the project, leading to fragmented litigation and operational delays.

20. Section 4104 was designed precisely for circumstances in which an important constitutional question affects current governmental operations and delay would impair the effective functioning of government. The question presented here concerns the interaction between an enumerated Organic Act power and generally applicable Guam statutes. The "normal process of law" would stall resolution of these critical issues and result in the forfeiture of federal funds.

21. For these reasons, the delay inherent in ordinary litigation would be excessive and inappropriate under the circumstances. Immediate declaratory guidance from this Court is necessary to prevent undue delay within the meaning of 7 GCA § 4104.

## VI. REQUESTED INTERPRETATION AFFECTING POWERS AND DUTIES OF THE GOVERNOR AND OPERATIONS OF THE EXECUTIVE BRANCH

22. This Court has recognized two subjects appropriate for section 4104 review: (1) questions that require an interpretation of federal or local law lying within the jurisdiction of Guam courts; and (2) questions that affect the powers and duties of the Governor and the operation of the Executive Branch. Governor Leon Guerrero seeks interpretation under both categories.

23. Governor Leon Guerrero respectfully requests declarations on the following questions:

a. Whether the Organic Act's specific grant of authority to the Governor under 48 U.S.C. § 1421g(a) limits the Legislature's ability to enact or apply Guam statutes in a manner that reallocates or conditions final execution authority over hospital establishment.

b. Whether generally applicable Guam statutes must be construed in harmony with 48 U.S.C. § 1421g(a) so as to preserve the Governor's enumerated authority to establish public-health services, including hospitals.

24. This request squarely seeks interpretation of an Organic Act provision and its interaction with Guam statutory law. The Court is asked to determine the Organic Act limits, if any, on legislative enactments that affect execution of a specific power granted to the Governor by Congress. That is a pure question of law lying within this Court's jurisdiction.

25. This request also satisfies the second category of matters appropriate for review under 7 GCA § 4104 because it directly affects the powers and duties of the Governor and the operation of the Executive Branch. The Governor bears the enumerated Organic Act duty to establish, maintain, and operate public-health services in Guam. That duty necessarily includes taking actions required to initiate and carry out hospital infrastructure development consistent with applicable law. Whether legislative enactments may functionally condition or prevent execution of that duty directly affects the Governor's constitutional responsibilities.

Case 1:26-cv-00006   Document 1-1   Filed 03/12/26   Page 15 of 42

26. Although this Petition arises in the context of the hospital project, the question presented concerns the broader constitutional relationship between legislative enactments and the execution of powers expressly conferred upon the Governor by the Organic Act. The Court's clarification of that relationship will provide guidance not only for this project but also for future instances in which enumerated executive authority intersects with generally applicable Guam statutes.

27. Implementation of hospital infrastructure necessarily involves coordination among multiple executive agencies and instrumentalities acting pursuant to their respective statutory mandates in furtherance of the Governor's exercise of authority under 48 U.S.C. § 1421g(a). Uncertainty regarding the scope of the Governor's enumerated authority affects the ability of those entities to proceed with coordinated infrastructure planning, contracting, and execution. Absent declaratory guidance, executive agencies face competing interpretations of Guam law and the Organic Act in carrying out their lawful functions in connection with this project.

28. If left unresolved, disputes concerning the scope of § 1421g(a) authority will recur throughout the life of the project and beyond, generating piecemeal litigation and continued operational uncertainty. That outcome would impair the orderly administration of government and undermine clear constitutional allocation of authority.

Case 1:26-cv-00006   Document 1-1   Filed 03/12/26   Page 16 of 42

29. For these reasons, the requested interpretation directly affects the Governor's powers and duties and the operation of the Executive Branch within the meaning of 7 GCA § 4104. Declaratory resolution is necessary to provide clear, authoritative guidance regarding the constitutional interaction between the Organic Act and Guam statutory law.

30. Accordingly, this Petition satisfies all three jurisdictional requirements articulated in *In re Request of Governor Gutierrez*, 2002 Guam 1 ¶ 9. The issues presented are of substantial public importance because they concern the scope of an enumerated Organic Act power relating to public health infrastructure. Resolution through ordinary litigation would cause undue delay while execution of that authority remains subject to uncertainty. The requested interpretation directly affects the Governor's powers and duties and the operation of the Executive Branch. Declaratory review under 7 GCA § 4104 is therefore appropriate and necessary to clarify the constitutional limits on legislative conditions affecting the Governor's authority to establish hospitals.

## VII. PETITIONER'S LEGAL POSITION

**A. The Organic Act Confers Upon the Governor Specific Authority to Establish Hospitals, and That Enumerated Authority Controls Over General Legislative Enactments**

Section 1421g(a) of the Organic Act provides that "[s]ubject to the laws of Guam, the Governor shall establish, maintain, and operate public-health services in

Case 1:26-cv-00006    Document 1-1    Filed 03/12/26    Page 17 of 42

Guam, including hospitals, dispensaries, and quarantine stations." 48 U.S.C. § 1421g(a). This is a specific and affirmative grant of authority by Congress to the Governor.

When the Organic Act confers a specific power upon one branch of government, that specific grant controls over more general provisions. This Court has recognized that "a narrower, more specific provision of a statute takes precedence over a more general provision of the same statute." *Camacho v. Estate of Gumataotao*, 2010 Guam 1 ¶ 19. In *In re Leon Guerrero*, 2021 Guam 6, this Court applied that principle in the Organic Act context, holding that a specific enumerated executive power cannot be overridden by reliance upon a general legislative grant of authority.

The Legislature's general power to enact laws under 48 U.S.C. § 1423a does not permit it to nullify or transfer execution of a specific power expressly conferred upon the Governor by Congress. While the Legislature retains authority to appropriate funds and to enact generally applicable statutes governing procurement, contracting, and public administration, those enactments must be construed in harmony with the Organic Act and cannot operate to defeat an enumerated executive duty.

The power to "establish" a hospital necessarily includes the authority to take actions required to initiate, coordinate, and execute the infrastructure necessary to

Case 1:26-cv-00006   Document 1-1   Filed 03/12/26   Page 18 of 42

bring such a facility into existence, subject to judicial review for compliance with applicable law. If generally applicable Guam statutes are construed to require the approval of another officer as a condition precedent to executing that authority, such interpretation would effectively transfer final execution authority away from the Governor and undermine the specific grant conferred by § 1421g(a).

The Organic Act does not contemplate that an enumerated executive function may be frustrated absent the consent of another official exercising statutory authority. Where disputes arise regarding the legality of executive action taken pursuant to § 1421g(a), the proper constitutional safeguard is judicial review, not unilateral prevention of execution through statutory approval mechanisms.

Accordingly, generally applicable Guam statutes must be interpreted and applied in a manner that preserves, rather than nullifies, the Governor's enumerated authority to establish hospitals under the Organic Act.

**B. Legislative Regulation May Not Function as a Veto Over Execution of an Enumerated Organic Act Power**

The Legislature possesses authority to determine whether and how to appropriate funds for public projects. Through its appropriations power, the Legislature may decide whether funding will be made available for construction of a hospital and may attach lawful conditions to the expenditure of appropriated funds.

However, where, as here, funds are lawfully available to the Executive Branch and the Governor is acting pursuant to an enumerated Organic Act duty, legislative

Case 1:26-cv-00006   Document 1-1   Filed 03/12/26   Page 19 of 42

enactments cannot be construed or applied in a manner that vests final execution authority in another officer or entity.[2] Section 1421g(a) expressly grants the Governor authority to "establish, maintain, and operate public-health services in Guam, including hospitals." That grant is specific and constitutional in nature.

Questions have arisen regarding the interaction between 48 U.S.C. § 1421g(a) and generally applicable statutory provisions, including 5 GCA § 5150, which addresses the Attorney General's review of certain contracts for correctness of form and legality when such review is required by law.[3] Nothing in § 5150 expressly purports to transfer, limit, or override the Governor's authority under 48 U.S.C. §

---

[2] The Governor does not challenge the Legislature's authority to enact statutes governing the structure, governance, or funding of public health institutions, nor does this Petition seek to invalidate the hospital chapter of Guam law. The Legislature retains authority to appropriate funds and to enact general laws regulating public projects. This Petition presents the narrower structural question whether legislative enactments may be construed or applied in a manner that conditions execution of a specific enumerated duty under 48 U.S.C. § 1421g(a) upon the discretionary approval of another official.

[3] Petitioner does not challenge the Attorney General's good-faith execution of duties as defined by statute, nor does this Petition seek relief against any action taken by the Attorney General personally. The applicability of 5 GCA § 5150 to contracts entered into by autonomous agencies is separately contested in pending litigation removed to the United States District Court of Guam (Case No. 25-CV-00041). Nothing in this Petition should be construed as conceding that § 5150 requires Attorney General approval in this context. The question presented here is structural and concerns the Legislature's authority under the Organic Act to confer or apply statutory approval mechanisms in a manner that may operate to condition or prevent execution of an enumerated gubernatorial duty. The issue therefore lies between the Organic Act and legislative enactment, not between executive officers.

Case 1:26-cv-00006   Document 1-1   Filed 03/12/26   Page 20 of 42

1421g(a). Nor does it expressly condition execution of an enumerated Organic Act duty upon discretionary approval by another executive officer.

To the extent § 5150 is construed to require discretionary approval as a condition precedent to execution of the Governor's authority to establish a hospital, such construction would effectively transfer final execution authority from the Governor to another officer. That result would undermine the specific grant of authority conferred by the Organic Act and permit a statute of general application to control a narrower constitutional delegation.

The Legislature may not accomplish indirectly through statutory approval mechanisms what it could not do directly—nullify, condition, or transfer execution of a specific Organic Act power. A statute of general application must be interpreted in harmony with the Organic Act and may not be applied in a manner that effectively prevents execution of an enumerated executive duty.

Where disputes arise concerning the legality of executive action undertaken pursuant to § 1421g(a), the constitutional safeguard is adjudication by the courts. The Organic Act does not contemplate a regime in which execution of a specific executive power may be suspended through the unilateral application of a generally applicable statute by another official.

Accordingly, 5 GCA § 5150 and other generally applicable Guam statutes must be interpreted and applied in a manner that preserves the Governor's

Case 1:26-cv-00006   Document 1-1   Filed 03/12/26   Page 21 of 42

enumerated authority to establish hospitals under the Organic Act and does not operate as a veto over execution of that authority absent judicial determination.

### C. Any Construction of Guam Statutes That Reallocates Final Decision-Making Authority Over Hospital Establishment Fails Under the *Perez* Framework

In *In re Leon Guerrero*, 2021 Guam 6, this Court analyzed a conflict between legislative enactments and the Governor's enumerated authority under 48 U.S.C. § 1421g(a) using the two-part framework articulated in *People v. Perez*, 1999 Guam 2. Under *Perez*, the Court first asks "whether the statutory provision prevents the accomplishment of constitutional functions," and second, "if so, whether the disruptive impact is justified by any overriding constitutional need." *Perez*, 1999 Guam 2 ¶ 17; *In re Leon Guerrero*, 2021 Guam 6 ¶ 40.

Applying that framework here confirms that Guam statutes may not be construed or applied in a manner that reallocates final execution authority over hospital establishment away from the Governor.

### 1. A Construction That Conditions or Transfers Final Decision-Making Authority Prevents Accomplishment of the Governor's Organic Act Duty

The Organic Act expressly grants the Governor authority to "establish, maintain, and operate" public-health services in Guam, including hospitals. 48 U.S.C. § 1421g(a). That grant is specific and enumerated. It assigns responsibility

for execution of that duty to the Governor as the constitutional officer charged with administration of the Executive Branch.

In *In re Leon Guerrero*, the Court held that legislative provisions preventing the Governor from independently determining quarantine policy "intrude[d] too far" into executive authority and "negate[d] the command of the Organic Act." 2021 Guam 6 ¶ 50. The Court emphasized that where a statute "removes essential decision-making power" from the Governor and substitutes legislative or judicial determinations in its place, it prevents the Governor from accomplishing her constitutional responsibilities. Id. ¶¶ 47–50.

The same principle governs here. If generally applicable Guam statutes are construed to require discretionary approval by another officer as a condition precedent to execution of the Governor's authority under § 1421g(a), such construction would remove essential decision-making authority from the Governor and substitute the discretionary judgment of another officer for that of the constitutional officer charged by Congress with establishing public-health services. The Governor's execution of her enumerated duty would become contingent upon approval external to the Organic Act's allocation of authority.

*Perez* does not prohibit all legislative regulation affecting executive action. But it does prohibit statutory constructions that materially impair the Executive's ability to carry out a constitutionally assigned function. A regime in which final

Case 1:26-cv-00006   Document 1-1   Filed 03/12/26   Page 23 of 42

execution authority over hospital establishment rests with someone other than the Governor is not mere regulation. It is *reassignment* of constitutional responsibility. That result fails the first prong of *Perez*.

### 2. No Overriding Constitutional Need Justifies Reallocating Execution Authority

Under the second prong of *Perez*, the Court must determine whether any impairment of executive authority is justified by an overriding constitutional need. The Legislature possesses general legislative authority under 48 U.S.C. § 1423a and retains power over appropriations, procurement, land use, and other subjects of legislation not inconsistent with the Organic Act. But as the Court reaffirmed in *In re Leon Guerrero*, where Congress grants a specific executive power, that narrower provision controls over general legislative authority. 2021 Guam 6 ¶ 27.

Nothing in the Organic Act confers upon the Legislature a specific competing authority to execute the establishment of hospitals. Nor does the Organic Act assign final execution authority over public-health infrastructure to any officer other than the Governor. The Legislature may determine whether to appropriate funds and may enact generally applicable laws governing government operations. However, once funds are lawfully available and the Governor is acting pursuant to an enumerated Organic Act duty, there is no overriding constitutional need that justifies transferring or conditioning final execution authority.

Case 1:26-cv-00006    Document 1-1    Filed 03/12/26    Page 24 of 42

Preserving the Governor's enumerated authority does not insulate executive action from legal constraint. Executive decisions remain subject to statutory requirements, federal conditions, and judicial review. If a dispute arises regarding the legality of executive action undertaken pursuant to § 1421g(a), recourse lies in the courts. The Organic Act does not contemplate that execution of a specific enumerated duty may be halted or reassigned through discretionary statutory approval mechanisms.

Accordingly, any construction of Guam statutes that reallocates final decision-making authority over hospital establishment away from the Governor cannot be reconciled with 48 U.S.C. § 1421g(a) and fails under the *Perez* framework.

### PRAYER FOR RELIEF

WHEREFORE, Petitioner Governor Leon Guerrero respectfully requests that the Court:

1. Expedite the briefing and hearing schedule in this matter;

2. Declare that 48 U.S.C. § 1421g(a) confers upon the Governor enumerated authority to establish, maintain, and operate public-health services in Guam, including hospitals;

3. Declare that generally applicable Guam statutes may not be construed or applied in a manner that conditions, prevents, or effectively transfers ultimate

Case 1:26-cv-00006   Document 1-1   Filed 03/12/26   Page 25 of 42

authority over the establishment of a hospital from the Governor, consistent with the Organic Act;

4. Declare that disputes concerning the legality of executive action undertaken pursuant to 48 U.S.C. § 1421g(a) are resolved through judicial review and may not be conclusively determined through unilateral application of statutory approval mechanisms; and

5. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this ___ day of March, 2026.

**OFFICE OF THE GOVERNOR OF GUAM**
**Office of Legal Counsel**

By: _____

**LESLIE A. TRAVIS**
*Attorneys for Petitioner*
*Lourdes A. Leon Guerrero,*
*Governor of Guam*

Case 1:26-cv-00006    Document 1-1    Filed 03/12/26    Page 26 of 42

# VERIFICATION

**GUAM U.S.A,** )
                      ) ss:
**Territory of Guam** )

The undersigned, deposes and says: That she is the petitioner in the foregoing Request for Declaratory Judgment, that the facts contained therein are true and correct to the best of her knowledge and belief, except as to the matters stated upon information and belief, and as to those matters, she believes them to be true.

Dated this 3RD day of March, 2026.

_____
**LOURDES A. LEON GUERRERO**

SUBSCRIBED and SWORN to before me on the day and year first above-written.

_____
**NOTARY PUBLIC**

**KEVIN JAMES LIZAMA-REYES**
**NOTARY PUBLIC**
In and for Guam, U.S.A.
My Commission Expires: MAY 29, 2029
Commission Number NP: 25-0849G
P.O. Box 4854 Hagåtña, GU 96932



LESLIE A. TRAVIS, Legal Counsel
*leslie.travis a guam.gov*
JEFFREY A. MOOTS, Legal Counsel
*jeffrey.moots a guam gov*
**OFFICE OF THE GOVERNOR OF GUAM**
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
P.O. Box 2950, Hagåtña, Guam 96932
Office: (671) 473-1118 | Fax: (671) 477-4826

*Attorneys for the*
*Honorable Lourdes A. Leon Guerrero*
*Governor of Guam*

## IN THE SUPREME COURT OF GUAM

| | |
|---|---|
| IN RE:<br><br>REQUEST OF LOURDES A. LEON GUERRERO, I MAGA'HÅGAN GUÅHAN, RELATIVE TO ORGANIC ACT LIMITS ON LEGISLATIVE CONDITIONS AFFECTING THE GOVERNOR'S AUTHORITY TO ESTABLISH HOSPITALS | SUPREME COURT CASE NO. CRQ26-001<br><br>***EMERGENCY* MOTION FOR EXPEDITED BRIEFING AND ARGUMENT SCHEDULE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**(Guam R. App. P. 6(e))** |

## MOTION

Petitioner Lourdes A. Leon Guerrero, *I Maga'hågan Guåhan*, by and through

counsel, respectfully moves for an order expediting the briefing and argument

schedule in this matter pursuant to Rule 6(e) of the Guam Rules of Appellate Procedure.

This Petition presents a pure question of law under 7 GCA § 4104 concerning the scope of the Governor's enumerated authority under 48 U.S.C. § 1421g(a) to "establish, maintain, and operate public-health services in Guam, including hospitals," and whether Guam statutes may be construed or applied in a manner that conditions execution of that authority upon the discretionary approval of another official.

Governor Leon Guerrero seeks expedited consideration because delay in resolving the legal questions presented threatens the timely expenditure of more than $100 million in federally obligated funds designated for critical infrastructure improvements necessary to support construction of a new medical complex in Mangilao. These funds are subject to federal expenditure deadlines that cannot be extended through litigation. Absent prompt judicial clarification, infrastructure work necessary to support the replacement of Guam Memorial Hospital will remain stalled, placing those funds at risk of forfeiture.

Pursuant to Rule 6(e), Governor Leon Guerrero provides the following information for her counsel and anticipated respondent the Legislature:

> Leslie A. Travis, Legal Counsel
> Office of the Governor of Guam
> Ricardo J. Bordallo Governor's Complex

Case 1:26-cv-00006    Document 1-1    Filed 03/12/26    Page 29 of 42

Adelup, Guam 96910
P.O. Box 2950, Hagåtña, Guam 96932
(671) 473-1117

Speaker Frank F. Blas, Jr.
*I Mina'trentai Ocho Na Liheslaturan Guåhan*
Guam Congress Building
163 Chalan Santo Papa
Hagatna, Guam 96910
(671) 969-6456

This Motion is supported by the accompanying Memorandum of Points and Authorities, the Affidavit filed concurrently herewith, the record before the Court, and such further argument as may be heard.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This matter presents a structural question appropriate for expedited determination under 7 GCA § 4104: whether Guam statutes may be construed or applied to vest final execution authority over the Governor's enumerated Organic Act duty under 48 U.S.C. § 1421g(a) in another officer through discretionary contract approval mechanisms.

The question is purely legal. It concerns the interaction between a specific federal Organic Act grant of executive authority and generally applicable Guam statutes. It does not require factual development. It directly affects the Governor's

Page 3 of 7

ability to execute a presently existing constitutional duty and to administer federally obligated infrastructure funds.

Without timely clarification, ongoing infrastructure projects necessary to support the Mangilao Medical Campus — including installation of new power, water, and wastewater systems — will remain suspended. Delay risks forfeiture of federal American Rescue Plan Act ("ARPA") funds that must be fully expended by December 31, 2026. If those funds are lost, the Government of Guam would be required to replace them with limited local revenues, jeopardizing both the hospital project and related community infrastructure improvements.

Expedited review is therefore necessary to prevent undue delay within the meaning of 7 GCA § 4104 and Rule 6(e).

## II. ARGUMENT

### A. Legal Standard

Rule 6(e) of the Guam Rules of Appellate Procedure authorizes the Court to expedite proceedings upon a showing of good cause. In the context of 7 GCA § 4104 petitions, the Court has recognized that expedition is warranted when ordinary litigation would cause undue delay or frustrate the timely performance of government duties. *In re Request of Governor Gutierrez*, 1996 Guam 4 ¶ 8; *In re Request of Calvo*, 2017 Guam 14 ¶ 11.

The inquiry focuses on whether the relative difference in speed between the normal process of law and direct review under § 4104 would render delay "excessive or inappropriate." *Id.* Here, that standard is satisfied. Proceeding through the Superior Court and subsequent appeal would take months, if not years, well beyond the expenditure deadlines governing the federal funds at issue.

**B. Good cause exists to expedite proceedings in this matter**

Under the U.S. Department of the Treasury's regulations governing the State and Local Fiscal Recovery Funds program, all ARPA funds must be fully expended by December 31, 2026. Infrastructure work supporting the Mangilao Medical Campus must proceed on a defined schedule in order to meet that deadline.

Absent prompt judicial clarification regarding the scope of the Governor's authority under 48 U.S.C. § 1421g(a), execution of infrastructure contracts necessary to support the hospital project remains stalled. Continued delay threatens forfeiture of more than $100 million in federal funds.

Loss of those funds would require the Government of Guam to rely on scarce local resources to complete essential infrastructure, placing substantial strain on the Island's fiscal stability and impairing public health planning.

**C. The Question Presented Is Purely Legal and Structurally Significant**

The issue presented does not require factual development. It concerns interpretation of 48 U.S.C. § 1421g(a) and its interaction with Guam statutes. This

Page 5 of 7

Court is uniquely positioned to resolve that constitutional question expeditiously under 7 GCA § 4104.

As discussed more fully in the Request for Declaratory Judgment filed concurrently herewith, the matter affects the powers and duties of the Governor, the operation of the Executive Branch, and the timely administration of federal funds. It is therefore precisely the type of question § 4104 was designed to address without prolonged inferior court litigation.

### D. Ordinary Litigation Would Cause Undue Delay

If required to proceed through the normal process of law, this matter would first be litigated in the Superior Court, followed by appeal. That process would extend well beyond federal funding deadlines and would allow the structural uncertainty to persist during a critical phase of infrastructure sequencing.

The delay is not theoretical. It carries irreversible fiscal and operational consequences. Immediate clarification by this Court will provide necessary guidance to all executive agencies involved and will prevent the risk of forfeited federal funds and disrupted public health planning.

### IV. PROPOSED EXPEDITED SCHEDULE

Governor Leon Guerrero respectfully proposes the following schedule:

1. Petitioner's Opening Brief shall be filed within seven (7) days of the Court's Order determining jurisdiction under 7 GCA § 4104.

2. Respondent's Response Brief shall be filed within seven (7) days after the Opening Brief.

3. Petitioner's Reply Brief shall be filed within seven (7) days after the Response Brief.

4. Oral argument shall be scheduled within ten (10) days after completion of briefing.

Given the urgency presented by federal deadlines, this expedited schedule is reasonable and necessary.

### III. CONCLUSION

For the reasons stated herein, Petitioner requests that the court issue an Order expediting the briefing and arguments schedule in this matter.

Respectfully submitted this 4th day of March, 2026.

OFFICE OF THE GOVERNOR OF GUAM
Office of Legal Counsel

By: _____

LESLIE A. TRAVIS
*Attorneys for Petitioner*
*Lourdes A. Leon Guerrero,*
*Governor of Guam*

Page 7 of 7

LESLIE A. TRAVIS, Legal Counsel
*leslie.travis a guam.gov*
JEFFREY A. MOOTS, Legal Counsel
*jeffrey.moots a guam gov*
**OFFICE OF THE GOVERNOR OF GUAM**
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
P.O. Box 2950, Hagåtña, Guam 96932
Office: (671) 473-1118 | Fax: (671) 477-4826

*Attorneys for the*
*Honorable Lourdes A. Leon Guerrero*
*Governor of Guam*

## IN THE SUPREME COURT OF GUAM

| | |
|---|---|
| IN RE: | SUPREME COURT CASE NO. CRQ26-001 |
| REQUEST OF LOURDES A. LEON GUERRERO, I MAGA'HÅGAN GUÅHAN, RELATIVE TO ORGANIC ACT LIMITS ON LEGISLATIVE CONDITIONS AFFECTING THE GOVERNOR'S AUTHORITY TO ESTABLISH HOSPITALS | **AFFIDAVIT IN SUPPORT OF** *EMERGENCY* **MOTION FOR EXPEDITED BRIEFING AND ARGUMENT SCHEDULE; MEMORANDUM OF POINTS AND AUTHORITIES** |
| | **(Guam R. App. P. 6(e))** |

I, Leslie A. Travis, declare:

1.     I am legal counsel to Lourdes A. Leon Guerrero, *I Maga'hågan Guåhan*, Petitioner in this matter.

2. I make this affidavit in support of Governor Leon Guerrero's *Emergency* Motion for Expedited Briefing and Argument Schedule, filed concurrently herewith.

3. On March 4, 2026, Governor Leon Guerrero filed her Request for Declaratory Relief in this matter pursuant to 7 GCA § 4104.

4. In accordance with Rule 6(e) of the Guam Rules of Appellate Procedure, on March 4, 2026, I sent an email to Speaker Frank F. Blas, Jr., speaker of the 38th Guam Legislature, anticipated respondent in this matter, notifying him of the Governor's intent to file the *Emergency* Motion for Expedited Briefing and Argument Schedule. I additionally spoke to Speaker Blas telephonically.

5. I declare under penalty of perjury under the laws of Guam that the foregoing is true and correct.

Executed this 4th day of March, 2026 at Hagåtña, Guam.

**LESLIE A. TRAVIS**

**SUBSCRIBED AND SWORN** to before me the undersigned notary this 4th day of March, 2026 by **LESLIE A. TRAVIS**.

**NOTARY PUBLIC**

DAVINA CHRISTINE SAYAMA-CHARGUALAF
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: SEP. 11, 2026
Commission Number NP-22-0486P
149 Solano Street Mangilao, GU 96913

Page 2 of 2

# IN THE SUPREME COURT OF GUAM

IN RE:                                                    )        Supreme Court Case No. CRQ26-001
                                                          )
**REQUEST OF LOURDES A. LEON**           )
**GUERRERO, I MAGA'HÅGAN**               )
**GUÅHAN, RELATIVE TO ORGANIC**          )
**ACT LIMITS ON LEGISLATIVE**            )        **ORDER**
**CONDITIONS AFFECTING THE**             )
**GOVERNOR'S AUTHORITY TO**              )
**ESTABLISH HOSPITALS.**                 )
                                                          )

Petitioner Lourdes A. Leon Guerrero, *I Maga'hågan Guåhan* ("Governor") by and through counsel and pursuant to 7 GCA § 4104, Guam Rules of Appellate Procedure 26 through 27, and the Organic Act of Guam, as amended, requests that the court issue declaratory judgment relative to the Organic Act limits on legislative conditions affecting the Governor's authority to establish hospitals. The Governor seeks declaration on the following questions:

1. Whether 48 U.S.C.A. § 1421g(a) confers upon the Governor enumerated authority to establish, maintain, and operate public-health services in Guam, including hospitals.

2. Whether generally applicable Guam statutes may be construed or applied in a manner that conditions, prevents, or effectively transfers ultimate authority over the establishment of a hospital from the Governor, consistent with the Organic Act.

3. Whether disputes concerning the legality of executive action undertaken pursuant to 48 U.S.C.A. § 1421g(a) are to be resolved through judicial review or application of statutory approval mechanisms.

Req. at 23–24 (Mar. 4, 2026).

**E-Received**

3/5/2026 3:36:11 PM

Title 7 GCA § 4104 permits the Governor or *I Liheslaturan Guåhan* ("Legislature") to request declaratory judgments from this court in certain circumstances. However, there is a strict jurisdictional test that must be met before this court can give such a judgment:

> [T]o pass jurisdictional muster, a party seeking a declaratory judgment must satisfy three requirements: (1) the issue raised must be a matter of great public importance; (2) the issue must be such that its resolution through the normal process of law is inappropriate as it would cause undue delay; and (3) the subject matter of the inquiry is appropriate for section 4104 review.

*In re Request of Gutierrez*, 2002 Guam 1 ¶ 9. The court designates the Legislature as a Respondent and **ORDERS** it to file its answer in response to the Governor's petition on the issue of jurisdiction by **5:00 p.m. on March 12, 2026**. The Governor shall file her reply to the Legislature's answer by **5:00 p.m. on March 17, 2026**.

The panel shall consist of Chief Justice Katherine A. Maraman, Associate Justice F. Philip Carbullido, and Associate Justice Robert J. Torres. Any objection to the panel shall be filed no later than **5:00 p.m. on March 12, 2026**.

**SO ORDERED** this 5th day of March, 2026.

/s/
_____
**KATHERINE A. MARAMAN**
**Chief Justice**

Case 1:26-cv-00006    Document 1-1    Filed 03/12/26    Page 38 of 42

**Filed**

Supreme Court of Guam, Clerk of Court

## IN THE SUPREME COURT OF GUAM

IN RE:         )  Supreme Court Case No. CRQ26-001
            )
REQUEST OF LOURDES A. LEON )
GUERRERO, I MAGA'HÅGAN   )
GUÅHAN, RELATIVE TO ORGANIC )
ACT LIMITS ON LEGISLATIVE   )    **ORDER**
CONDITIONS AFFECTING THE   )
GOVERNOR'S AUTHORITY TO   )
ESTABLISH HOSPITALS.     )
            )

This matter comes before the court on the Emergency Motion for Expedited Briefing and Argument Schedule filed by Petitioner Lourdes A. Leon Guerrero, *I Maga'hågan Guåhan* ("Governor") on March 5, 2026. Respondent *I Liheslaturan Guåhan* ("Legislature") shall file its response to the Emergency Motion by **5:00 p.m. on March 12, 2026**. The Governor shall file her reply to the Legislature's response by **5:00 p.m. on March 17, 2026**.

**SO ORDERED** this 5th day of March, 2026.

/s/
_____
**KATHERINE A. MARAMAN**
**Chief Justice**

**E-Received**

3/5/2026 3:39:13 PM

SUPREME COURT OF GUAM

( X ) URGENT - Serve within the hour
() MUST - be served today

## SERVICE ROUTE SLIP

Date: 3/5/2026

Caption:

In Re:

Request of Lourdes A. Leon Guerrero, I Maga'Hagan
Guahan, Relative to Organic Act Limits on Legislative
Conditions Affecting the Governor's Authority to Establish
Hospitals.

Case: CRQ26-001

Document Type:                                      Filed:

    Order                                          3/5/2026
    Order                                          3/5/2026

Serve:

_Personal Service:_
Leslie A. Travis, Esq., Speaker Frank F. Blas, Jr., Darlene Hiton, Esq.

_Electronic Service:_
Leslie A. Travis, Esq., Jeffrey Moots, Esq.

Clerk's Office: _____        Time Placed in Marshal's Box: 4 05 p.r
    Clerk's Initial

Received for Service: _____        Time: 1:05 pu
    Marshal's Initial
                   Date: 3-5-26



## IN THE SUPREME COURT OF GUAM

IN RE: )
)
REQUEST OF LOURDES A. LEON )
GUERRERO, I MAGA'HAGAN )
GUAHAN, RELATIVE TO ORGANIC )
ACT LIMITS ON LEGISLATIVE )
CONDITIONS AFFECTING THE )
GOVERNOR'S AUTHORITY TO )
ESTABLISH HOSPITALS. )
)

Supreme Court Case No. CRQ26-001

**DECLARATION OF SERVICE**

I, Ryan Burly som , Deputy Marshal of the Supreme Court of Guam, declare that

I received two Orders.

That I personally delivered the two Orders, both dated March 5, 2026, upon:

*Personal Service:*
Leslie A. Travis, Esq., Speaker Frank F. Blas, Jr., Darlene Hiton, Esq.

*Electronic Service:*
Leslie A. Travis, Esq., Jeffrey Moots, Esq.

ACKNOWLEDGMENT:
Print Name: _____ Frank F. Blas, Jr. _____
Signature: _____
Position: _____ Speaker, 38th Guam Legislature _____
Date & Time: _____ 3/5/26 • 4:15 pm _____

ACKNOWLEDGMENT:
Print Name: _____ Joyce N. Rosario _____
Signature: _____ Joyce Rosario _____
Position: _____ Office Manager _____
Date & Time: _____ 3/5/26 4:22pm _____

Page 1 of 2

**ACKNOWLEDGMENT:**
Print Name: _Alexander Ford_
Signature: _[signature]_
Position: _Assistant Legal Counsel_
Date & Time: _March, 5, 2026_

I declare under penalty of perjury that the foregoing is true and correct this 5th day of March, 2026.

_____
Deputy Marshal

Page 2 of 2