

LESLIE A. TRAVIS
leslie.travis@guam.gov
JEFFREY A. MOOTS
jeffrey.moots@guam.gov
**OFFICE OF THE GOVERNOR OF GUAM**
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
P.O. Box 2950, Hagåtña, Guam 96932
Office: (671) 473-1117 | Fax: (671) 477-4826

*Attorneys for the*
*Honorable Lourdes A. Leon Guerrero*
*Governor of Guam*

### IN THE UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| IN RE:<br><br>**REQUEST OF LOURDES A. LEON GUERRERO, I MAGA'HÅGAN GUÅHAN, RELATIVE TO ORGANIC ACT LIMITS ON LEGISLATIVE CONDITIONS AFFECTING THE GOVERNOR'S AUTHORITY TO ESTABLISH HOSPITALS** | **Case No. 26-CV-00006**<br><br>Removed from the Supreme Court of Guam<br>Case No. CRQ26-001<br><br>**NOTICE OF<br>SUPPLEMENTAL AUTHORITY** |

Petitioner Lourdes A. Leon Guerrero, *I Maga'hågan Guåhan*, respectfully submits the attached Order issued by the Supreme Court of Guam on March 24, 2026, in *In re Request of Leon Guerrero*, Case No. CRQ26-001, from which Attorney General Douglas B. Moylan has purported to remove this action.

In the Order, the Supreme Court of Guam held that the Attorney General's attempted removal of the 7 GCA § 4104 proceeding was "improper and defective" and that the Attorney General, as a nonparty, is not a "defendant" authorized to remove under 28 U.S.C. §§ 1441 and 1446.

This authority is directly relevant to the pending Motion to Remand, and should be considered in resolving the motion.

*Respectfully submitted* this 25th day of March, 2026.

**OFFICE OF THE GOVERNOR OF GUAM**
**Office of Legal Counsel**

By: _/s/ Leslie A. Travis_

**LESLIE A. TRAVIS**
*Attorneys for Plaintiff*
*Lourdes A. Leon Guerrero,*
*Governor of Guam*

## CERTIFICATE OF SERVICE

I certify that I have served opposing counsel by electronically filing the foregoing document with the Clerk of Court for the United States District Court of Guam using the CM/ECF system.

> Douglas B. Moylan
> Attorney General of Guam
> Office of the Attorney General of Guam
> 134 W. Soledad Avenue
> Ste. 802 Bank of Hawaii Building
> Hagåtña, Guam 96910
> (671) 475-2710
> dbmoylan@oagguam.org
>
> Gonzalo A. Gayoso
> Deputy Attorney General
> Office of the Attorney General of Guam
> Civil Division
> 134 W. Soledad Avenue, Ste. 302
> Hagåtña, Guam 96910
> (671) 475-2710
> ggayoso@oagguam.org

Respect*fully submitted* this 25th day of March, 2026.

> OFFICE OF THE GOVERNOR OF GUAM
> Office of Legal Counsel
>
>
> By: ___*/s/ Leslie A. Travis*_____
> LESLIE A. TRAVIS
> *Attorneys for*
> *Lourdes A. Leon Guerrero,*
> *Governor of Guam*

**Filed**
Supreme Court of Guam, Clerk of Court

## IN THE SUPREME COURT OF GUAM

| | |
|---|---|
| IN RE: ) | Supreme Court Case No. CRQ26-001 |
| ) | |
| REQUEST OF LOURDES A. LEON ) | |
| GUERRERO, I MAGA'HÅGAN ) | |
| GUÅHAN, RELATIVE TO ORGANIC ) | |
| ACT LIMITS ON LEGISLATIVE ) | **ORDER** |
| CONDITIONS AFFECTING THE ) | |
| GOVERNOR'S AUTHORITY TO ) | |
| ESTABLISH HOSPITALS. ) | |
| ) | |

This matter comes before the court upon the filing of a Request for Declaratory Judgment by *I Maga'hågan Guåhan* Lourdes A. Leon Guerrero ("Governor") on March 4, 2026. Her request seeks a declaratory judgment as to Organic Act limits on legislative conditions affecting the Governor's authority to establish hospitals. The Attorney General of Guam ("AG"), a nonparty, filed a notice of removal in the District Court of Guam. We hold that the AG's attempted removal was improper and defective and we retain jurisdiction. We further hold that the Governor's questions meet the jurisdictional requirements under 7 GCA § 4104.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Governor seeks a declaratory judgment answering three questions[1]:

1. Whether 48 U.S.C.A. § 1421g(a) confers upon the Governor enumerated authority to establish, maintain, and operate public-health services in Guam, including hospitals.

2. Whether Guam statutes of general applicability may be interpreted or enforced in a way that conditions, restricts, or effectively transfers ultimate authority concerning the establishment of a hospital from the Governor, while remaining consistent with the Organic Act.

---

[1] The second and third questions posed by the Governor have been reframed by the court.


**E-Received**
3/24/2026 4:46:27 PM

3. Whether disputes over the legality of executive action under 48 U.S.C.A. § 1421g(a) should be settled by judicial review or statutory approval mechanisms.

Req. at 23–24 (Mar. 4, 2026). The next day, the Governor filed an emergency motion for expedited briefing and argument. Emergency Mot. Exp. (Mar. 5, 2026). The same day, this court issued an order designating *I Liheslaturan Guåhan* ("Legislature") as Respondent and ordering it to file its answer in response to the Governor's petition on the issue of jurisdiction by March 12, 2026. Order at 2 (Mar. 5, 2026, at 15:36 ChST). We issued a separate order ordering the Legislature to file its response to the motion for expedited briefing also by March 12, 2026. Order (Mar. 5, 2026, at 15:39 ChST).

On March 12, the AG filed a notice of removal in the District Court of Guam. Notice of Removal, In re Request of Leon Guerrero, No. 1.:26-cv-00006 (D. Guam Mar. 12, 2026), Dkt. No. 1. The notice reads, "[P]ursuant to 28 U.S.C. §§ 1331, 1441 and 1446, DOUGLAS B. MOYLAN, in his Official Capacity as the Attorney General of Guam ... and the GOVERNMENT OF GUAM ... as the Real Party Defendants in Interest ... hereby remove" the case to the District Court of Guam. *Id.* at 6. The same day, the Legislature, through its counsel, filed its opposition to jurisdiction. Opp'n at 6 (Mar. 12, 2026). Citing CRQ25-001, which the AG removed to the District Court as a respondent, the Legislature argues that "[t]he Governor's dispute is with the Attorney General." Opp'n at 2–3, 8. The Legislature, however, did not timely respond to the motion for expedited briefing.

## II. ANALYSIS

### A. The Nonparty AG's Attempt to Remove is Facially Defective.

#### 1. A request for declaratory judgment under 7 GCA § 4104 is not subject to removal, and the nonparty AG's attempted removal is facially defective.

In his notice of removal, the AG self-pronounced that he was a "real party defendant in interest."[2] The AG also asserted:

---

[2] Notice of Removal at 8–9, In re Request of Leon Guerrero, No. 1.:26-cv-00006 (D. Guam Mar. 12, 2026), Dkt. No. 1. We designated the Legislature as the Respondent and the AG is not a party to the declaratory judgment action. Although the AG claims he is a real party in interest defendant, he may not be a real party in interest entitled under substantive law to enforce the right sued upon. Nevertheless, even if the AG is a real party in interest defendant,

This action is removable to the District Court of Guam under 28 U.S.C. §§ 1331 and 1441 on the grounds that the Governor's request . . . 'turns on substantial questions of federal law' and 'implicate significant federal issues' directly arising from 48 U.S.C.A. §[] 1421g(d)(1) . . . and 48 U.S.C.A. § 1421a.[3]

The AG further argued that circuits are split as to whether a "real party defendant in interest" can remove a civil action to a federal court, and the District Court of Guam should entertain the removal until the U.S. Supreme Court resolves the split in *Enbridge Energy, LP v. Nessel ex rel. Michigan*, 145 S. Ct. 2843 (2025) (Mem.). Notice of Removal at 15, In re Request of Leon Guerrero, No. 1.:26-cv-00006 (D. Guam Mar. 12, 2026), Dkt. No. 1.

"[A]ny civil action brought in a State court of which the district courts of the United States have *original jurisdiction*, may be removed by the *defendant or the defendants*, to the district court of the United States." 28 U.S.C.A. § 1441(a) (Westlaw through Pub. L. 119-73 (2026)) (emphasis added).

> The relations between the courts established by the Constitution or laws of the United States and the local courts of Guam with respect to . . . removal of causes . . . shall be governed by the laws of the United States pertaining to the relations between the courts of the United States . . . and the courts of the several States.

48 U.S.C.A. § 1241-2; *see EIE Guam Corp. v. Long Term Credit Bank of Japan, Ltd.*, 322 F.3d 635, 642 n.5 (9th Cir. 2003).

The District Court of Guam lacks original jurisdiction over cases seeking advisory opinion under 7 GCA § 4104. Article III of the Constitution limits the federal judicial power to resolving "Cases" and "Controversies." *TransUnion LLC v. Ramirez*, __ U.S. __, 141 S. Ct. 2190, 2203 (2021) (citing U.S. Const. art. III). "Thus, no justiciable controversy is presented . . . when the

---

the District Court of Guam lacks original jurisdiction over cases seeking advisory opinions, and the law is clear that a real party in interest has no right of removal.

[3] *Id.* The District Court squarely rejected the notion that the Organic Act raises a federal question. *See L. Ofcs. of Phillips & Bordallo, P.C. v. Guerrero*, No. CV 22-00020, 2023 WL 5075374, at *4–5 (D. Guam Aug. 9, 2023). The Attorney General ("AG") alternatively argues that "this action is also removable under 28 U.S.C. § 1442 because the United States Congress created the constitutional office of the Attorney General of Guam." Notice of Removal at 9. However, he is neither an "officer . . . of the United States or of any agency thereof," "[a] property holder whose title is derived from any such officer," "[a]ny officer of the courts of the United States," nor "[a]ny officer of either House of Congress." 28 U.S.C.A. § 1442(a) (Westlaw through Pub. L. 119-74 (2026)).

parties are asking for an advisory opinion." *Flast v. Cohen*, 392 U.S. 83, 95 (1968). Advisory opinions in Guam are a creature of statute, and 7 GCA § 4104 expressly vests this court with jurisdiction over them. *Id.* ("*I Maga'haga* . . . may request declaratory judgments from the *Supreme Court of Guam* as to the interpretation of any law, federal or local . . . and upon any question affecting the powers and duties of *I Maga'haga* . . . and the operation of the Executive Branch, or *I Liheslaturan Guahan*." (emphasis added)). Because the District Court lacks jurisdiction, removal is improper.

The AG's attempted removal is facially defective because he is not a "defendant" under 28 U.S.C.A. §§ 1441 and 1446. In his notice of removal, the AG cites *La Russo v. St. George's University School of Medicine*, 747 F.3d 90, 96 (2d Cir. 2014), where the Second Circuit held that a real party defendant in interest is entitled to remove. But in 2019, the U.S. Supreme Court held that "the term 'defendant' refers only to the party sued by the original plaintiff." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019). Although *Home Depot* did not expressly overrule *La Russo*, later federal courts including the Ninth Circuit have followed *Home Depot*'s approach. *See, e.g., Valencia v. Allstate Texas Lloyd's*, 976 F.3d 593, 595–96 (5th Cir. 2020) (collecting cases); *Sharma v. HSI Asset Loan Obligation Tr. 2007-1 ex rel. Deutsche Bank Nat'l Tr. Co.*, 23 F.4th 1167, 1170 (9th Cir. 2022) ("We strictly construe the removal statute against removal jurisdiction."); *Wilson v. Hearos, LLC*, 128 F.4th 1254, 1261 (11th Cir. 2025); *Sheehy v. Intermountain Health Care, Inc.*, No. 1:25-CV-00914-RMR-SBP, 2025 WL 4084903, at \*6 (D. Colo. Dec. 29, 2025) ("[O]ther courts have questioned the validity of *La Russo*'s analysis, particularly in light of *Home Depot*'s subsequent confirmation that §§ 1441(a) and 1453(b) cabin removal authority to an actual defendant."). Unlike the AG's contention, *Enbridge Energy* concerned a deadline under 28 U.S.C.A. § 1446, not who can remove under section 1441. *See Nessel ex rel. Michigan v. Enbridge Energy, LP*, 104 F.4th 958, 966–67 (6th Cir. 2024), *cert. granted*, 145 S. Ct. 2843 (2025). The U.S. Supreme Court has made clear in *Home Depot* that a real party defendant is not a defendant entitled to removal. The case cannot be removed, and the nonparty AG's attempted removal was facially defective.

**2. A facially defective notice of removal does not divest this court of jurisdiction.**

Courts have interpreted the effect of a notice of removal under 28 U.S.C.A. § 1446(d) to divest the original state court of jurisdiction pending remand, regardless of the federal district court's ultimate ruling on removability. *See, e.g., Hopson v. N. Am. Ins. Co.*, 233 P.2d 799, 802 (Idaho 1951); *Maseda v. Honda Motor Co.*, 861 F.2d 1248, 1254 n.11 (11th Cir. 1988); 14 Wright & Miller's Federal Practice & Procedure § 3736 (4th ed. 2025) ("[A]ny post-removal proceedings in the state court are considered coram non judice and will be vacated by the federal court, even if the removal subsequently is found to have been improper and the case is remanded back to that state court." (footnote omitted)).

However, courts have distinguished between removability and facial defects, refusing to extend the absolute divestiture rule to facially defective removal attempts. *See, e.g., Kite v. Kite Bros.*, 170 So. 3d 1184, 1193 (La. Ct. App. 2015) ("[U]ntimely filed notice of removal did not divest the state court of jurisdiction."), *writ denied*, 179 So. 3d 609 (La. 2015); *Booth v. Stenshoel*, 96 Wash. App. 1019 (1999) ("An attempted removal from superior court to federal court, which on its face is not in compliance with removal procedures, does not deprive the superior court of jurisdiction."); *In re Marriage of Bellinsky & Bellinsky*, No. 24CA0355, 2025 WL 1982354, at *3 (Colo. App. July 17, 2025) ("[F]iling a notice of removal without meeting that requirement does not automatically divest the state court of jurisdiction." (citing 28 U.S.C.A. § 1446)), *cert. denied*, No. 25SC549, 2025 WL 3232775 (Colo. Nov. 17, 2025). The Idaho Supreme Court in *Hopson* stated that state courts lose jurisdiction "irrespective of the ultimate determination of the question as to whether or not it is removable," but parties there conceded that the notice of removal "complied with the procedural requirements." *Hopson*, 233 P.2d at 799, 802.

Here, the AG is not a "defendant" under 28 U.S.C.A. § 1446(d), the District Court of Guam lacks original jurisdiction over cases seeking advisory opinions, and this case falls outside the scope of the divestiture statute. We thus retain jurisdiction and proceed to 7 GCA § 4104 analysis.

## B. The Jurisdictional Requirements Under 7 GCA § 4104 Are Met.

The Organic Act grants the Supreme Court of Guam original jurisdiction "as the laws of Guam may provide." 48 U.S.C.A. § 1424-1(a)(1); *In re Request of Leon Guerrero* ("*In re Leon Guerrero III*"), 2024 Guam 18 ¶ 9. This court has original jurisdiction over "the interpretation of any law, federal or local, lying within the jurisdiction of the courts of Guam to decide, and upon any question affecting the powers and duties of [*I Maga'håga*] and the operation of the Executive Branch." 7 GCA § 4104 (2005); *In re Leon Guerrero III*, 2024 Guam 18 ¶ 9.

Under 7 GCA § 4104, this court has the power to issue declaratory judgments at the request of the Governor if certain conditions are met:

> [T]o pass jurisdictional muster, a party seeking a declaratory judgment must satisfy three requirements: (1) the issue raised must be a matter of great public importance; (2) the issue must be such that its resolution through the normal process of law is inappropriate as it would cause undue delay; and (3) the subject matter of the inquiry is appropriate for section 4104 review.

*In re Leon Guerrero III*, 2024 Guam 18 ¶ 9. The Legislature concedes on the public importance prong. *See* Opp'n at 7 (Mar. 12, 2026). We hold that the remaining prongs are also satisfied.

### 1. The normal process of law will cause undue delay because establishment of hospitals is tied to federal funding.

The Governor argues that normal process would cause undue delay because "infrastructure work would remain stalled or subject to continued uncertainty, construction sequencing would be disrupted, and federal funding deadlines would approach or expire." Req. ¶ 16 (Mar. 4, 2026). The Legislature responds that the dispute should be resolved by ordinary political process. *See* Opp'n at 7.

"Undue delay is analyzed using a two-element test, requiring this court to (1) measure the delay relative to the time that would be consumed by litigating the issue through the 'normal process of law and (2) determine whether this delay is 'excessive or inappropriate." *In re Leon Guerrero III*, 2024 Guam 18 ¶ 13 (cleaned up). *Contrast In re Request of Gutierrez* ("*In re Gutierrez II*"), 2002 Guam 1 ¶ 29 ("Because the budget for the government of Guam is enacted annually, issues regarding the constitutionality of a particular aspect of a budget bill uniquely require speedy resolution."); *In re Request of Camacho*, 2006 Guam 5 ¶ 10 (delay through the

normal processes of law was excessive or inappropriate given the needs and interest of the island to expedite the resolution of questions over financing public schools); *In re Request of Calvo*, 2017 Guam 14 ¶ 12 (litigating the case involving a mechanism for tax refunds for specific fiscal years through multiple fiscal years would cause undue delay); *In re Request of Leon Guerrero* ("*In re Leon Guerrero I*"), 2021 Guam 6 ¶ 18 (expedited resolution of quarantine issue is in the interest of the island and travelers seeking entry); *In re Leon Guerrero III*, 2024 Guam 18 ¶ 14 (forcing each agency to file a collateral action would result in time-consuming piecemeal litigation), *with In re Request of Gutierrez* ("*In re Gutierrez I*"), 1996 Guam 4 ¶ 8 (delay was not undue because a direct appeal was pending from the trial court).

The Legislature mischaracterizes the measurement of undue delay: "the assessment of delay is . . . relative to litigating the case through the" trial court, not the political process. *In re Calvo*, 2017 Guam 14 ¶ 12. But the Governor is correct that the ordinary process before the trial court will consume more time, and the delay can result in irreparable consequences such as a loss of federal funding. Therefore, the undue delay prong is met.

**2. The Governor's request to interpret the Organic Act and the separation of powers is proper subject matter.**

The Governor argues that subject matter is proper because the request "seeks interpretation of an Organic Act provision" pertaining to "the powers and duties of the Governor and the operation of the Executive Branch." Req. ¶¶ 24–25. The Legislature responds that the "Governor does not identify any statute that has prevented the executive branch from establishing a hospital" and the "Governor's dispute is with the Attorney General." Opp'n at 7–8.

To determine whether the subject matter is appropriate, "requests for declaratory relief must ask this court for '(1) an interpretation of an existing law that is within its jurisdiction to decide; *or* (2) an answer to any question affecting [the Governor's] powers and duties as governor and the operation of the executive branch." *In re Request of Leon Guerrero* ("*In re Leon Guerrero II*"), 2023 Guam 11 ¶ 29. "Separation of powers questions are proper subject matter for declaratory judgment actions." *Id.* (organicity of abortion law).

The Legislature seems to argue that its inaction falls outside the definition of "an existing law." *See* Opp'n at 7–8. However, the first and third questions would entail interpretation of the Organic Act, which was a proper subject matter in this court's previous decision. *See* Req. ¶ 24; *In re Leon Guerrero I*, 2021 Guam 6 ¶ 19. We have made it clear "that the subject-matter requirement should be read disjunctively." *In re Leon Guerrero III*, 2024 Guam 18 ¶ 15. We have considered whether a bill violates the separation of powers doctrine under the Organic Act. *See In re Gutierrez II*, 2002 Guam 1 ¶¶ 51–55. Therefore, the second question also satisfies the subject matter requirement. The Governor's questions meet all three requirements under 7 GCA § 4104, and parties are invited to brief on them.

## III. CONCLUSION

We retain jurisdiction despite the AG's facially defective attempt to remove. The Governor's questions meet the jurisdictional requirements under 7 GCA § 4104. Cognizant of the importance and salience of the questions to so many stakeholders in Guam, the court is inviting any party to file amicus briefing consistent with the schedule set forth below.[4] The Legislature did not file an opposition to the Governor's motion for expedited briefing. Accordingly, briefing will be as follows:

The Governor's Brief must be served and filed by **April 9, 2026**.

Any amicus curiae supporting the Governor, or supporting neither the Governor nor the Legislature, shall serve and file its brief by **April 16, 2026**.

The Legislature shall serve and file its brief by **April 27, 2026**.

Any amicus curiae supporting the Legislature shall serve and file its brief by **May 4, 2026**.

The Governor may serve and file a reply brief by **May 11, 2026**.

The court schedules this matter for oral argument on **May 19, 2026, at 10:00 a.m.** in the Justice Monessa G. Lujan Appellate Courtroom before the panel of Chief Justice Katherine A. Maraman, Associate Justice F. Philip Carbullido, and Associate Justice Robert J. Torres. A

---

[4] Pursuant to Guam Rule of Appellate Procedure 2, the court is suspending the requirement that amici must first seek the consent of the parties or leave of the court before filing briefing; any party may file a brief consistent with the schedule contained in this Order. All other rules pertaining to amicus briefs shall apply to amicus briefs filed in this matter.

virtual status conference shall be held on **May 6, 2026, at 9:00 a.m.**  Any party objecting to the competency of any justice shall make this objection by the status hearing date.

**SO ORDERED** this 24th day of March, 2026.


| /s/ | /s/ |
|---|---|
| **F. PHILIP CARBULLIDO** | **ROBERT J. TORRES** |
| **Associate Justice** | **Associate Justice** |


/s/
**KATHERINE A. MARAMAN**
**Chief Justice**