**Douglas B. Moylan**
**Attorney General of Guam**
**Office of the Attorney General**
Civil Division
134 W. Soledad Avenue, Suite 302
*Hagåtña*, Guam 96910 • USA
671-475-2710 (tel) • 671-477-2493 (fax)
www.guamattorneygeneral.org

**Attorneys for the People of Guam**



FILED
DISTRICT COURT OF GUAM

MAR 30 2026

JEANNE G. QUINATA
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

| | |
|---|---|
| IN RE: | Civil Case No. 26-00006 |
| | |
| REQUEST OF LOURDES A. LEON GUERRERO, I MAGA 'HAGAN GUAHAN, RELATIVE TO ORGANIC ACT LIMITS ON LEGISLATIVE CONDITIONS AFFECTING THE GOVERNOR'S AUTHORITY TO ESTABLISH HOSPITALS | Removed from the Supreme Court of Guam Case No. CRQ26-001 |
| | **Attorney General of Guam's Motion for Injunctive Writ to Preserve Federal Jurisdiction and Memorandum of Law (28 U.S.C. § 1446(d) and 1651(a))** |

Real party in interest, the ATTORNEY GENERAL OF GUAM ("Attorney General"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1446(d) and 1651(a) hereby files his Motion for Injunctive Writ to Preserve Federal Jurisdiction, with included Memorandum of Law, seeking a Writ to enjoin the Supreme Court of the United States Territory of Guam from violating the Supremacy Clause of the United States Constitution by attempting to exercise jurisdiction over the instant case, which has been duly removed pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. Currently pending before this Honorable Court is a Motion to Remand [ECF 4], from which the time to respond has not yet elapsed. On March 24, 2026 the Guam Supreme Court unilaterally determined that it retained jurisdiction over this matter, and ordered expedited briefing, despite statutory prohibition and binding precedent to the contrary. *See* 28 U.S.C.A. § 1446(d) (after removal, "the State court shall proceed no further unless and until the case is remanded."); *Mitchum v. Foster,* 407 U.S. 225, 234 & n. 12, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972) (28 U.S.C. § 1446(d) expressly authorizes a federal court to enjoin the continued prosecution of the same case in state court after it is removed).

As grounds therefore, the Attorney General respectfully states as follows:

# I. PROCEDURAL STANCE

On March 4, 2026 the Governor filed a Request for Declaratory Judgment (the "Second Declaratory Action") pursuant to 7 GCA § 4104 in the Supreme Court of Guam seeking a declaration regarding "the constitutional scope of the Governor's authority under 48 U.S.C.A. § 1421g(a)" [ECF 1-1]. On March 12, 2026 the Attorney General removed the Second Declaratory Action to this Honorable Court on March 12, 2026 [ECF 1]. The Governor filed a Motion to Remand on March 16, 2026 [ECF 4]. A Motion to Intervene was filed by the Guam Legislature on March 17, 2026 [ECF 8]. The Defendants' Response in Opposition to the Motion to Remand is not due until April 6, 2026.

On March 26, 2026, the Guam Supreme Court issued an Order (the "March 26 Order") holding "the AG's attempted removal was improper and defective and we retain jurisdiction" [ECF 11]. The March 26 Order also issued an expedited briefing schedule, requiring briefs to be filed by April 9, 2026 by the Governor, and April 27 by the Guam Legislature. *Id.*

# II. ARGUMENT

This Court should issue the requested Writ, enjoining the Guam Supreme Court from any further violation of 28 U.S.C. § 1446(d), until and unless this action is remanded by this Honorable Court. Pursuant to § 1446(d), "Promptly

after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." The Notice of Removal was filed and notice given to all parties, as reflected in the certificate of service attached to the Notice of Removal [ECF 1]. Accordingly, on March 12, 2026 the Guam Supreme Court was divested of any jurisdiction over this action pursuant to § 1446(d).

Federal Court are unanimous that the Guam Supreme Court acted without authority, as it was *automatically* divested of jurisdiction, pursuant to 28 U.S.C. § 1446(d), on March 12, 2026 when the Notice of Removal was filed and served [ECF 1]. This is "black-letter law" from which there is no excuse or justification, and represents an attack upon the jurisdiction of the United States Federal Court system as established by the U.S. Congress in § 1446. This Motion does not address the merits of the pending Remand Motion, which has not yet been briefed, and remains pending before this Honorable Court. This Motion is solely about jurisdiction, which the United States Congress determined is to be determined by this Honorable Court, without any interference by a local court. *See Resol. Tr. Corp. v. Bayside Devs.*, 43 F.3d 1230, 1238 (9th Cir. 1994), *as amended* (Jan. 20,

1995) ("After removal, 28 U.S.C. § 1446(d) prohibits any proceedings in the state court unless and until the case is remanded."). *See also Ward v. Resol. Tr. Corp.,* 972 F.2d 196, 198 (8th Cir. 1992) ("After removal, only the federal district court could restore jurisdiction to the state courts). *Steamship Co. v. Tugman,* 106 U.S. 118, 122, 1 S.Ct. 58, 60, 27 L.Ed. 87 (1882). Thus, the state court of appeals could proceed no further, 28 U.S.C.A. § 1446(d) (West Supp.1992), making its dismissal of the state appeal void."). As if speaking to the Guam Supreme Court, on March 16, 2026, "the jurisdiction of the state court 'absolutely ceased, and that of the [federal court] immediately attached,' " *Hyde Park Partners, L.P. v. Connolly,* 839 F.2d 837, 841 (1st Cir.1988) (quoting *Steamship Co. v. Tugman,* 106 U.S. (16 Otto) 118, 122, 27 L.Ed. 87 (1882)), and the state court was under an obligation to "proceed no further unless and until the case [wa]s remanded," 28 U.S.C. § 1446(e); *see also Tugman,* 106 U.S. (16 Otto) at 122 (once case removed, state court had "duty ... to proceed no further"). Consequently, the purported judgment of the state court was *"void ab initio," Hyde Park Partners,* 839 F.2d at 842, and the district court committed no error in refusing to enter judgment in accord with it." *Sweeney v. Resol. Tr. Corp.,* 16 F.3d 1, 4 (1st Cir. 1994) (citations omitted).

By issuing the requested Writ to the Guam Supreme Court, this Honorable

Court is not making any decision about the underlying merits of the Remand Motion. Instead, it is protecting and preserving the jurisdiction of the United States Courts. *Rose v. Giamatti*, 721 F. Supp. 924, 927 (S.D. Ohio 1989) ("in this case in particular where the subject of the appeal is the Court's jurisdiction, the requested injunction is sought not on the underlying merits of the controversy, but on the need to determine whether this Court, in the first instance, has jurisdiction to proceed with any hearing pertaining to the merits of the case."). In such a case, the Supreme Court has noted that Federal Courts are authorized by the All Writs Act, 28 U.S.C. § 1651(a), to issue a writ prohibiting a local court from further proceedings. *See Mitchum v. Foster,* 407 U.S. 225, 234 & n. 12, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972); *Vendo Co. v. Lektro–Vend Corp.,* 433 U.S. 623, 640, 97 S.Ct. 2881, 53 L.Ed.2d 1009 (1977). *See also Adams v. United States ex rel. McCann,* 317 U.S. 269, 273, 63 S.Ct. 236, 239, 87 L.Ed. 268 (1942) ("a federal court may avail itself of all auxiliary writs as aids in the performance of its duties, when the use of such historic aids is calculated in its sound judgment to achieve the ends of justice entrusted to it.").

Not surprisingly, this is a case of first impression, without an appellate ruling on the merits, because the statutory requirements are clear and local courts almost always refrain from taking further action once a case has been removed. In

Page **6** of **10**
*Attorney General of Guam's Motion for Injunctive Writ to Preserve Federal Jurisdiction and Memo of Law*
District Court of Guam Civil Case No. 26-00006

Case 1:26-cv-00006    Document 12    Filed 03/30/26    Page 6 of 10

*Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir. 1983), the First Circuit dismissed an appeal for lack of jurisdiction, but its language in doing so approved the District Court's issuance of "an order in protection of jurisdiction against further local proceedings" requiring the courts of Puerto Rico "to refrain from any further proceedings in this case". In *Polyplastics*, the non-removing party (Polyplastics) wrongfully obtained a default judgment in local court after the removal. *Id*. at 877. Transconex then moved, and received, an "order in protection of jurisdiction against further local proceedings." *Id. See also Ackerman v. ExxonMobil Corp.*, 734 F.3d 237, 249 (4th Cir. 2013) ("the statute [§ 1446] deprives the state court of further jurisdiction over the removed case and that any post-removal actions taken by the state court in the removed case action are void *ab initio*").

/ / / /

/ / /

/ /

/

## III. CONCLUSION

**WHEREFORE,** the Attorney General respectfully requests that this Honorable Court protect and preserve the jurisdiction of the United States Federal Courts and issue a Writ directed to the Guam Supreme Court precluding it from taking any further action until further order of this Honorable Court.

**Respectfully submitted** this 30th day of March, 2025.

**OFFICE OF THE ATTORNEY GENERAL**
Douglas B. Moylan, Attorney General of Guam

**WILLIAM LYLE STAMPS**
Assistant Attorney General

*Attorney General of Guam's Motion for Injunctive Writ to Preserve Federal Jurisdiction and Memo of Law*
District Court of Guam Civil Case No. 26-00006

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2026 I filed the foregoing with the Clerk of Court and that the following parties or their counsels of record will be served electronically and/or by hand delivery:

CHIEF JUSTICE KATHERINE A. MARAMAN
Supreme Court of Guam
*Hagåtña*, Guam
e-file@guamsupremecourt.com

ASSOCIATE JUSTICE ROBERT J. TORRES
Supreme Court of Guam
*Hagåtña*, Guam
e-file@guamsupremecourt.com

ASSOCIATE JUSTICE F. PHILIP CARBULLIDO
Supreme Court of Guam
*Hagåtña*, Guam
e-file@guamsupremecourt.com

CLERK OF SUPREME COURT HANNAH M. GUTIERREZ
Supreme Court of Guam
*Hagåtña*, Guam
e-file@guamsupremecourt.com

SPEAKER FRANK F. BLAS, JR.
Legislature of Guam
*Hagåtña*, Guam

DARLENE HINTON, ESQ.
Legislature of Guam
*Hagåtña*, Guam

*Attorney General of Guam's Motion for Injunctive Writ to Preserve Federal Jurisdiction and Memo of Law*
District Court of Guam Civil Case No. 26-00006

Case 1:26-cv-00006    Document 12    Filed 03/30/26    Page 9 of 10

LESLIE A. TRAVIS
Attorneys for Governor
Hon. Lourdes A. Leon Guerrero
Governor of Guam
Office of the Governor of Guam
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910, P.O. Box 2950
*Hagåtña*, Guam 96932, Office: (671) 473-1117
Fax: (671) 477-4826, leslie.travis@guam.gov

JEFFREY A. MOOTS
Attorneys for Governor
Hon. Lourdes A. Leon Guerrero
Governor of Guam
Office of the Governor of Guam
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910, P.O. Box 2950
*Hagåtña*, Guam 96932, Office: (671) 473-1117
Fax: (671) 477-4826, jeffrey.moots@guam.gov

**Respectfully submitted** this 30th day of March, 2026.

**OFFICE OF THE ATTORNEY GENERAL**
Douglas B. Moylan, Attorney General of Guam

_____
**WILLIAM LYLE STAMPS**
Assistant Attorney General