UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

IN RE

REQUEST OF LOURDES A. LEON
GUERRERO, I *MAGA'HÅGAN GUÅHAN*,
RELATIVE TO ORGANIC ACT LIMITS
ON LEGISLATIVE CONDITIONS
AFFECTING THE GOVERNOR'S
AUTHORITY TO ESTABLISH
HOSPITALS.

CIVIL CASE NO. 26-00006

ORDER

This matter comes before the Court on the following requests: motions to remand from the Governor and Legislature of Guam (Dkt. Nos. 4, 20), a motion for Rule 11(c) sanctions from the Governor (against the Attorney General of Guam) (Dkt. No. 21), and an injunctive writ from the Attorney General (Dkt. No. 12). Having thoroughly considered the briefing and record, and finding oral argument unnecessary, the Court GRANTS the motions to remand (Dkt. Nos. 4, 20), DENIES the injunctive writ (Dkt. No. 12), and DENIES the motion for Rule 11(c) sanctions (Dkt. No. 21) but awards attorney fees pursuant to 28 U.S.C. § 1447(c) for the reasons described herein.

The Governor filed this action in the Supreme Court of Guam. *See In re Request of Lourdes A. Leon Guerrero, I MAGA'HÅGAN GUÅHAN, Relative to Organic Acts Limits on Legislative Conditions Affecting the Governor's Authority to Establish Hospitals*, Guam

ORDER
CIVIL CASE NO. 26-00006
PAGE - 1

Supreme Court Case No. CRQ26-001 (March 4, 2026) (hereinafter "*In re: Guerrero*"). In so doing, the Governor sought a declaratory judgment from the Guam Supreme Court pursuant to 7 GCA § 4104 as to the boundaries of her authority under the Organic Act, specifically 48 U.S.C. § 1421g(a). (*See generally* Dkt. No. 1-1.) Procedurally, § 4104 provides the Governor a path to directly request a binding declaration from Guam's highest court, if the issue relates to "the interpretation of any law" or a "question affecting the [Governor's] powers and duties" and if "it is a matter of great public interest and the normal process of law would cause undue delay." 7 GCA § 4104.

In support of this § 4104 petition, the Governor cited the protracted litigation process necessary to resolve issues surrounding her authority under the Organic Act[1] and diminishing time to exercise her authority pursuant to the Organic Act to designate and spend American Rescue Plan Act funds for the Mangilao Medical Campus Project. (*See* Dkt. No. 1-1 at 10.) Presumably for this reason, the Guam Supreme Court ordered an expedited response from the Legislature, following receipt of the Governor's petition. *See In re: Guerrero*, Order Seeking Response (March 5, 2026).

In the meantime, the Attorney General removed the matter to this Court, asserting that the case presents "substantial questions of federal law" and "implicate[s] significant federal issues" or, in the alternative, that removal is warranted based on the Attorney General's status as a federal officer or agency. (Dkt. No. 1 at 8–9) (citing 28 U.S.C. §§ 1331, 1441, 1442). At the same time, the Guam Supreme Court found the Attorney General's removal facially defective. *See In re: Guerrero*, Jurisdictional Order (March 24, 2026). It then proceeded to order merits briefing and oral argument, *id.* at 8, before issuing its determination, *id.*, Declaratory Judgment

---

[1] That process includes the following pending matters: *Government of Guam, et al. v. Lourdes A, Leon Guerrero, et al.,* Civil Case No. 24-00029 (Dec. 20, 2024), *Guam Power Authority v. Attorney General of Guam*, Civil Case No. 25-00029 (June 17, 2025), and *In Re: Request of Lourdes A. Leon Guerrero, Governor of Guam, Relative to the Authority of the Attorney General of Guam to Approve Autonomous Agency Contracts*, Civil Case No. 25-00041 (Oct. 30, 2025).

(May 29, 2026).

Now, with the Supreme Court having rendered its decision on the petition, *id.*,[2] this Court must determine whether it concurs with that court's preliminary determination that the Attorney General's removal was facially defective, stripping this Court of jurisdiction to consider the merits of this matter. This Court so finds. The Attorney General, as a non-party, had no standing to remove the petition to this Court and, regardless, given the nature of the proceeding, it does not implicate the removal statutes, rendering removal here invalid. Thus, jurisdiction remains solely with the Guam Supreme Court.

By way of review, a party to a civil action brought in state court may remove that action if the district court would have had original jurisdiction. *See* 28 U.S.C. § 1441(a). Alternatively, a federal officer or agency who is a party to a civil action may also seek removal, irrespective of whether the district court would have had original jurisdiction. *See* 28 U.S.C. § 1442(a). Once removed, though, the case can be remanded for either lack of subject matter jurisdiction or defects in the removal procedure. *See* 28 U.S.C. § 1447(c). And when an action is removed, the removing party bears the burden of demonstrating that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

As a preliminary matter, it is self-evident that the Attorney General was not a named party to the petition. (*See generally* Dkt. No. 1-1.) However, the Attorney General contends he is a real party *in interest* (with removal authority pursuant to §§ 1441 and 1442) because the petition's implicit purpose was to "rewrite the Organic Act to restrict the Attorney General's role." (Dkt. No. 17 at 15.) But the Ninth Circuit foreclosed this argument. *See Sharma v. HSI Asset Loan Obligation Tr. 2007-1 by Deutsche Bank Natl. Tr. Co.*, 23 F.4th 1167, 1173 (9th Cir. 2022). In so doing, it affirmatively declined to follow *La Russo v. St. George's U. Sch. of Med.*,

---

[2] In briefing to this Court, the Guam Legislature referenced the Supreme Court's recent declaratory judgment. (*See* Dkt. No. 56 at 1–6.) This Court has not yet obtained a copy of that judgment, although its outcome plays no role in this Court's consideration of the instant motions (Dkt. Nos. 4, 12, 20, 21).

ORDER
CIVIL CASE NO. 26-00006
PAGE - 3

747 F.3d 90, 96 (2d Cir. 2014)), which the Attorney General now cites in support of his position, (*see* Dkt. Nos. 17 at 18, 50 at 13). *See Sharma*, 23 F.4th 1167 at 1173. Thus, there is no basis for the Attorney General's "real party" in interest approach. Accordingly, neither §§ 1441 nor 1442 provide the Attorney General with authority to remove this matter. This alone is sufficient to render removal defective. But this is far from the only defect.

Also, by way of review, removal to federal court is only permitted for a "civil action" filed in state court. 28 U.S.C. §§ 1441(a), 1442(a). And this petition is not a civil action. It is a means for the Governor to seek a ruling from the Guam Supreme Court on questions involving the Governor's powers. *See* 7 GCA § 4104; *see also* 48 U.S.C. § 1424-1 (establishing the Guam Supreme Court as the highest court in the territory); *Guam v. Guerrero*, 290 F.3d 1210, 1215 (9th Cir. 2002) (discussing the Guam Supreme Court's role).

At its core, it is not within this Court's charge to overrule or to interfere with that Court's decision on such matters. *See* 48 U.S.C. § 1424-2 (discussing the relations between this Court and the Guam Supreme Court). At a minimum, to do so in this instance would violate the longstanding traditions cabining removal authority to narrow and well-defined limits. *See, e.g.*, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941) (providing that "[d]ue regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."). Fundamentally, the petition is not definitively a "civil action" as provided by 28 U.S.C. §§ 1441(a), 1442(a). For this reason as well, the Court must decline jurisdiction.

Because each of the above represent independent bases to decline jurisdiction, and the Court so elects to do so here, it need not address the parties' remaining arguments supporting remand. (*See generally* Dkt. Nos. 4, 12, 20). Instead, the Court next addresses the Governor's requested sanctions.

In moving for Rule 11(c) sanctions, the Governor contends that the Attorney General violated Rule 11(b) by proffering baseless arguments. (*See generally* Dkt. No. 21.) Such

ORDER
CIVIL CASE NO. 26-00006
PAGE - 4

sanctions are, indeed, warranted when an attorney makes patently frivolous arguments unsupported by legal authority. *See, e.g.*, *Operating Engineers Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988). But the imposition of such sanctions is also highly discretionary. *See* Committee Notes on Amendments to Federal Rules of Civil Procedure, 146 F.R.D. 401, 587 (1993). And while perhaps a close call, the Court declines, at least at this time, to order Rule 11(c) sanctions. The Attorney General's arguments were supported by some legal authority, although it is almost wholly inapt.

That being said, attorney fees incurred by Guam's Legislature and Governor in moving to remand this matter and to respond to the Attorney General's writ (Dkt. Nos. 4, 12, 20) are clearly recoverable in accordance with 28 U.S.C. § 1447(c). Thus, the Legislature and Governor are DIRECTED to provide the Court with an accounting of those fees. The Attorney General may respond to those accountings once submitted, with a brief not to exceed 10 pages of argument in total (*i.e.*, for both accountings), within 14 days of submission.

For the reasons described above, the Court FINDS the Attorney General's removal of this matter invalid. Thus, the Court GRANTS the motions to remand (Dkt. Nos. 4, 20) and DENIES the injunctive writ as moot (Dkt. No. 12). The Court DENIES the motion for Rule 11(c) sanctions (Dkt. No. 21) but awards attorney fees pursuant to 28 U.S.C. § 1447(c), in an amount to be determined by later briefing.

The Clerk is DIRECTED to remand this case to the Guam Supreme Court.

It is so ORDERED this 6th day of June 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CIVIL CASE NO. 26-00006
PAGE - 5