

**Douglas B. Moylan**
**Attorney General of Guam**
**Office of the Attorney General**
Civil Division
134 W. Soledad Avenue, Suite 302
*Hagåtña*, Guam 96910 • USA
671-475-2710 (tel) • 671-477-2493 (fax)
www.guamattorneygeneral.org

**Attorneys for the People of Guam**

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF GUAM

| | |
|---|---|
| IN RE: ) | Civil Case No.: 26-0006 |
| ) | |
| ) | Removed from the Supreme Court of Guam |
| REQUEST OF LOURDES A. LEON ) | Case No. CRQ26-001 |
| GUERRERO, I MAGA 'HAGAN GUAHAN, ) | |
| RELATIVE TO ORGANIC ACT LIMITS ON ) | |
| LEGISLATIVE CONDITIONS AFFECTING ) | **OPPOSITION TO** |
| THE GOVERNOR'S AUTHORITY TO ) | **MEMORANDUM RE:** |
| ESTABLISH HOSPITALS ) | **ATTORNEY FEES** |
| ) | |
| ) | (28 U.S.C. § 1447(c)) |
| ) | |
| ) | |
| ) | |
| ) | |

DOUGLAS B. MOYLAN, in his Official Capacity as the Attorney General of Guam, and the GOVERNMENT OF GUAM (collectively, "**Attorney General**"), by and through undersigned counsel and pursuant to 28 U.S.C. § 1447 and Order [ECF 57] hereby respond to the Memorandum Re: Attorney Fees [ECF 60] and Declaration of Counsel In Support of Memorandum Re: Attorney Fees [ECF 60-1], filed by LOURDES A. LEON GUERRERO, the Governor of Guam ("**Governor**"):

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## I. INTRODUCTION

On June 6, 2026, this Court determined that "attorney fees incurred by Guam's Legislature and Governor [were] recoverable in accordance with 28 U.S.C. § 1447(c)." [ECF 57 at 5]. It directed those two parties to provide an accounting of those fees. *Id.* On June 17, 2026, the Legislature waived "reimbursement of its attorney's fees in this matter." [ECF 59]. The Order granted the Attorney General fourteen (14) days to file a response from the submission of the accountings. [ECF 57 at 5].

On June 29, 2026, the Governor filed its Memorandum Re: Attorney Fees requesting an award of attorneys' fees in the amount of $21,200.00 reflecting 53.0 hours expended by Leslie Travis, Esquire, in connection with the Governor's Motion to Remand and response to Attorney General's Motion for Injunctive Writ, at an hourly rate of $400. [ECF 60]. On the same date, Ms. Travis filed her Declaration of Counsel in Support of Memorandum Re: Attorney Fees which included appended Exhibits A-D. [ECF 60-1].

Exhibit A to the Declaration is labeled a "Reconstructed Accounting of Attorney Fees." It contains seven (6) defined date ranges, i.e. "Mar. 12-17, 2026," and one (1) broad undefined range, i.e. "Mar.-May 2026," with corresponding descriptions of work performed during each range totaling 53.0 hours. [ECF 60-1 at 7]. In her Declaration, Ms. Travis represents that "[b]ecause [she] serve[s] as a salaried government counsel, [she does] not maintain contemporaneous billing records in the course of her practice. Unlike attorneys engaged in private practice, I do not bill clients by the hour." [ECF 60-1 at 2 § 4].

## II. 28 U.S.C. § 1447(c) LIMITS AN AWARD TO "ACTUAL" EXPENSES

The Attorney General challenges the Governor's $400 hourly rate as excessive and unreasonable. The <u>plain</u> language of  28 U.S.C. § 1447(c) states that "[a]n order remanding the

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

case may require payment of just costs and any <u>actual</u> expenses, including attorney fees, <u>incurred</u> as a result of the removal. The Guam Legislature's website contains public data indicating that Ms. Travis earns an annual salary of $165,788.00. Assuming a standard 40-hour work week, she actually earns $79.71 per hour as the Governor's counsel during the time period comprising the requested attorney fees. *See* Exhibit 1 [redacted excerpt of Government of Guam Fiscal Year 2026 Agency Staffing Pattern Chart]; https://guamlegislature.gov/38th_Guam_Legislature/Mess_Comms_38th/Doc.%20No.%2038GL-26-2228.pdf. If the reconstructed time records are accurate, this suggests that <u>actual</u> expenses were $4,224.41 (53 hours at $79.71 hourly rate). In a glaring omission, it does not appear that opposing counsel has disclosed her actual salary and requested a deduction of that sum from the sum being requested. A full award of the requested fees without subtracting this sum would amount to improper double-billing.

This Court expressly rejected sanctioning the Attorney General. [ECF 57 at 5] ("the Court …declines to order Rule 11(c) sanctions.") An award of $21,200.00 would effectively operate as a punitive sanction. This Court should reject the Governor's request and enter such order as justice requires on the grounds that the request lacks an objectively reasonable basis on the facts and law.

**III.     THE RECONSTRUCTED TIME RECORDS REQUIRE EXAMINATION UNDER OATH**

The use of "block billing" in the reconstructed time records <u>for the entire case</u> raise a genuine factual dispute which cannot be resolved through opposing counsel's declaration or the declarations of William B. Brennan and Jacqueline T. Terlaje. "Block billing" is defined as "the time-keeping method by which each lawyer and legal assistant enters the total daily time

spent working on a case, rather than itemizing the time expended on specific tasks." *See Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945, n. 2 (9th Cir. 2007) (quoting *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1554 n. 15 (10th Cir. 1996). For example, in the instant case, the "Mar.-May 2026" entry seeks 5.0 hours for "[s]trategy discussions, direct communications, review of court orders and filings, litigation coordination, and related case management activities directly related to the remand proceedings and Motion for Injunctive Writ." [ECF 60-1 at 7]. This three (3) month date range entry completely fails to itemize the amount of time devoted to each specific task. The Ninth Circuit Court of Appeals disfavors this inherently unreliable type of billing. *See Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) ("It was reasonable for the district court to conclude that Welch failed to carry the burden, because block billing makes it more difficult to determine how much time was spent on particular activities…").

The Governor has failed to carry the burden of submitting reliable evidence documenting the hours expended in the litigation. *See Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) ("The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked."). In her declaration, opposing counsel states she reconstructed her time records by reviewing "contemporaneously created materials, including court filings, legal research records, draft pleadings, document revision histories, correspondence, and other work product generated during the course of the proceedings." [ECF 60-1 at 2 § 5]. However, she failed to actually submit these materials thus depriving the Court of critical information to assess the accuracy of the claimed hours. The Attorney General would be similarly and unfairly handicapped in challenging the accuracy and reasonableness of the hours charged. *See Gates v. Deukmejian*,

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **4** of **7**
*Opposition to Memorandum Re: Attorney Fees*
District Court of Guam Case No. 26-CV-00006

Case 1:26-cv-00006    Document 61    Filed 07/13/26    Page 4 of 9

987 F.2d at 1397-1398 ("The party opposing the fee application has a burden of rebuttal that requires submission of the hours charged or the facts asserted by the prevailing party in its submitted affidavits.").

Given these circumstances, the Court could reduce or disallow the unsupported "block billing" under *Welch* or grant the Attorney General the opportunity to serve a subpoena duces tecum for deposition on opposing counsel limited to examining the accuracy of each time entry. *See* Fed. R. Civ. P. 54; 26(b)(1) and (2); 30. The subpoena would request the production of the "contemporaneously created materials, including court filings, legal research records, draft pleadings, document revision histories, correspondence, and other work product generated during the course of the proceedings," which opposing counsel indicates she reviewed in preparing the "Reconstructed Accounting of Attorney Fees." [ECF 60-1 at 2 § 5]. Additionally, the subpoena would request electronically stored information (ESI) regarding her professional calendar and a list of all matters on which she worked during the date range of March 12, 2026 to May 31, 2026 to examine the possibility of an accounting double billing error.

### IV. CONCLUSION

Based on the above, the Court should reject the unsupported, excessive, and unreasonable $21,200.00 fee request. The Governor failed to submit proper evidence in support of the request. She submitted no evidence that she actually incurred these attorney fees as required by Section 1447(c). She compounded that error by submitting reconstructed records (a practice disfavored by the courts) that included disfavored "block billing" for the entire time period. This failure has deprived the Court and the Attorney General from assessing the accuracy and reasonableness of the request. Lastly, the submissions do not account for

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **5** of **7**
*Opposition to Memorandum Re: Attorney Fees*
District Court of Guam Case No. 26-CV-00006

Case 1:26-cv-00006     Document 61     Filed 07/13/26     Page 5 of 9

opposing counsel's actual salary, an item that should have been disclosed and deducted from the proposed fee award. On these facts, the Court can reject or reduce the claimed hours, or permit the Attorney General to conduct a deposition of opposing counsel for the limited purpose of probing the accuracy of the time entries.

**Respectfully submitted** this 13th day of July, 2026.

**OFFICE OF THE ATTORNEY GENERAL**
**Douglas B. Moylan, Attorney General of Guam**

*Gonzalo Alberto Gayoso*

**GONZALO ALBERTO GAYOSO**
Deputy Attorney General

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **6** of **7**
*Opposition to Memorandum Re: Attorney Fees*
District Court of Guam Case No. 26-CV-00006

Case 1:26-cv-00006   Document 61   Filed 07/13/26   Page 6 of 9

# CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

**MICHAEL F. PHILLIPS**
**PHILLIPS & BORDALLO, P.C.**
Attorneys for Legislature of Guam
410 West O'Brien Drive
Suite 102
*Hagåtña*, Guam 96910
advice@phillipsbordallo.law

**LESLIE A. TRAVIS**
**JEFFREY A. MOOTS**
Attorneys for Governor
Hon. Lourdes A. Leon Guerrero
Governor of Guam
Office of the Governor of Guam
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910, P.O. Box 2950
*Hagåtña*, Guam 96932
Office: (671) 473-1117
Fax: (671) 477-4826
leslie.travis@guam.gov
jeffrey.moots@guam.gov
.

**Respectfully submitted** this 13th day of July, 2026.

OFFICE OF THE ATTORNEY GENERAL
**Douglas B. Moylan, Attorney General of Guam**

*Gonzalo Alberto Gayoso*
_____
**GONZALO ALBERTO GAYOSO**
Deputy Attorney General

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

# EXHIBIT 1

**LOCAL FUNDING 0200 26 001**

**Government of Guam**
**Fiscal Year 2026**
**Agency Staffing Pattern**
**(CURRENT)**

**[BBMR BD-1]**

**FUNCTIONAL AREA:** GENERAL GOVERNMENT

**DEPARTMENT/AGENCY:** OFFICE OF I MAGA'HAGAN GUAHAN AND I SIGUNDO MAGA'LAHEN GUAHAN

**PROGRAM:** EXECUTIVE DIRECTION

**FUND:** GENERAL FUND ██████████████

1st Qtr

| | | | | | | | | | | | | | | | Benefits | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Increment | | | | | | | | | | | |
| (A) | (B) | (C) | (D) | (E) | (F) | (G) | (H) | | (I) | (J) | (K) | (L) | (M) | (N) | (O) | (P) | (Q) | (R) | (S) |
| No. | Position Number | Position Title 1/ | Name of Incumbent | Grade / Step | Salary | Overtime | Special* | Date | Amt. | (E+F+G+I) Subtotal | Retirement (J * 33.85%) | Retire (DDI) ($19.01*26PP) | Social Security (6.2% * J) | Medicare (1.45% * J) | Life 2/ | Medical (Premium) | Dental (Premium) | Total Benefits (K thru Q) | (J+R) TOTAL |
| 21 | ---- | Special Assistant (Legal Counsel) | Leslie A. Travis | ---- | $165,788 | $0 | $0 | ---- | $0 | | | | | | | | | | $233,516 |

\* Night Differential / Hazardous / Worker's Compensation / etc.
1/ Indicate "(LTA)" or "(Temp.)" next to Position Title (where applicable)
2/ FY 2026 GovGuam contribution for Life Insurance is $187 per annum